367 A.2d 1082

**COMMONWEALTH of Pennsylvania**

v.

**Jacob KEEFER, Appellant.**

Supreme Court of Pennsylvania.

Argued March 11, 1976.

Decided Nov. 24, 1976.

Rehearing Denied Jan. 26, 1977.

144

Dante G. Bertini, Public Defender, Greensburg, for appellant.

Louis H. Ceraso, Asst. Dist. Atty., Greensburg, Albert M. Nichols, Dist. Atty., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

Appellant, Jacob Keefer, was found guilty by a jury of criminal conspiracy, robbery and voluntary manslaughter. Post-trial motions were denied, and appellant was sentenced to a term of not less than five nor more than twenty years at a state correctional institution on the robbery conviction. Terms of not less than five nor more than ten years each for the manslaughter and conspiracy convictions were imposed, both to run concurrently with the robbery sentence. This appeal followed.[1]

---

[1]. Appellant's judgment of sentence on the manslaughter conviction was appealed directly to this Court. Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 202(1), 17 P.S. § 211.202(1). He appealed the judgments of sentence on the robbery and conspiracy convictions to the Superior Court which certified the appeals to this Court on April 1, 1976. Act of July 31, 1970, P.L. 673, No. 223, Art. V, § 503(c), 17 P.S. § 211.503(c). The appeals were consolidated for argument with the appeal from the judgment of sentence for manslaughter.

Evidence presented at trial by the Commonwealth demonstrated that on January 22, 1974 appellant, a seventeen year old juvenile, and three other individuals agreed to rob a hotel in Westmoreland County. Testimony of three codefendants established that Keefer actively participated in the planning of the robbery, suggested the premises to be robbed and drove the getaway car. During the course of the robbery, a patron, Walter Long, was shot and killed.

Keefer was arrested and charged with criminal homicide arising out of the conspiracy and robbery and later indicted for murder in the criminal division of the court of common pleas.[2] He was separately charged with conspiracy and robbery in the juvenile division of the same court.[3] A transfer hearing was held at which it was determined that the conspiracy and robbery charges should be transferred to the criminal division to be tried with the homicide charge, and the jury trial which followed embraced all three of the charges.

I

The first issue raised by appellant is whether the robbery and conspiracy charges were properly transferred for trial from the juvenile division to the criminal division.[4] Appellant argues that because the juvenile pe-

2. The arrest of appellant on the charge of criminal homicide was made on January 24, 1974, and the preliminary hearing thereon took place on January 31, 1974. The indictment which followed charged that the homicide of Walter Long occurred during the commission of a robbery.

3. A petition charging conspiracy and robbery was filed with the juvenile division on January 23, 1974. On January 28, 1974 a detention hearing was held before President Judge Weiss, who on January 31, 1974 also conducted a transfer hearing.

4. Appellant raised this issue at trial in the form of an oral motion to quash the indictments. The trial court denied the motion because appellant did not challenge the transfer in a written pretrial motion in compliance with Rules 304 and 305 of the Pennsylvania Rules of Criminal Procedure. In disposing of appellant's post-trial motions, the court en banc held that "The failure to

tition charged only robbery and conspiracy, both of which are delinquent acts under the Juvenile Act,[5] jurisdiction of these charges was in the juvenile division. He claims that the transfer of these charges to the criminal division is governed by Sec. 28(a)(4) of the Juvenile Act,[6] which section requires as a condition of transfer that the Commonwealth make out a "prima facie case that the child committed the delinquent act alleged" and demonstrate "that there are reasonable grounds to believe that the child is not amenable to treatment, supervi-

raise this issue in writing prior to trial acted as an effective waiver of the right to challenge the certification at the time of trial. It is for these reasons that the oral motion was dismissed at that time and is found to be without merit in this subsequent written motion." While we agree that the challenge to the transfer should have been made by means of a written pre-trial motion, we believe that in light of appellant's objection to the propriety of the transfer made at the transfer hearing itself, made again at the preliminary hearing, renewed at the commencement of trial and again in post-trial motions, he has adequately preserved the issue for appellate review.

5. Act of December 6, 1972, P.L. 1464, No. 333, § 2(2), 11 P.S. § 50–102(2) (Supp.1976–1977).

6. Section 28(a)(4) of the Juvenile Act provides as follows:
"(a) After a petition has been filed alleging delinquency based on conduct which is designated a crime or public offense under the laws, including local ordinances, of this State, the court before hearing the petition on its merits may rule that this act is not applicable and that the offense should be prosecuted, and transfer the offense, where appropriate, to the trial or criminal division or to a judge of the court assigned to conduct criminal proceedings, for prosecution of the offense if:
. . .
"(4) The court finds that there is a prima facie case that the child committed the delinquent act alleged, and the court finds that there are reasonable grounds to believe that: (i) the child is not amenable to treatment, supervision or rehabilitation as a juvenile through available facilities, in determining this the court may consider age, mental capacity, maturity, previous record and probation or institutional reports; and (ii) the child is not committable to an institution for the mentally retarded or mentally ill, and (iii) the interests of the community require that the child be placed under legal restraint or discipline or that the offense is one which would carry a sentence of more than three years if committed as an adult."
Act of December 6, 1972, P.L. 1464, No. 333, § 28(a)(4), 11 P.S. § 50–325(a)(4) (Supp.1976–1977).

sion or rehabilitation as a juvenile through available facilities." Appellant then asserts that at the transfer hearing the Commonwealth failed to make out such a prima facie showing, with the result that the transfer of the robbery and conspiracy charges was improper. We cannot agree with this reasoning or conclusion.

■  Keefer's argument hinges on the erroneous assumption that the juvenile division in this case had jurisdiction over the robbery and conspiracy charges. The argument ignores the fact that he was charged not merely with robbery and conspiracy, but with murder as well. The Juvenile Act makes a clear distinction between juveniles charged with murder and those charged with delinquencies of a lesser nature.[7]  The robbery and conspiracy charges here involved, although initially brought in the juvenile division, were the underlying felonies of the felony murder charge simultaneously initiated in the criminal division. We have held that in cases charging a juvenile with murder, the criminal division has original and exclusive jurisdiction over the offense, and the burden is on the juvenile "to show that he does not belong in the criminal court." *Commonwealth v. Pyle*, 462 Pa. 613, 622, 342 A.2d 101, 106 (1975). In the case at bar, the charges brought against Keefer in the juvenile division were part and parcel of a felony murder charge properly within the original and exclusive jurisdiction of the criminal division. Indeed, the record and briefs of the parties clearly demonstrate that the judge at the

---

7. For example § 2(2) of the Act, 11 P.S. § 50–102(2) (Supp.1976–1977), declares that a " 'delinquent act' shall not include the crime of murder" and § 28(e), 11 P.S. § 50–325(e) (Supp.1976–1977), provides that where a petition asserting delinquency of a child "alleges conduct which if proven would constitute murder, the court shall require the offense to be prosecuted under the criminal law and procedures except where the case has been transferred from the criminal court pursuant to section 7 of this act." It should be noted that at no time did appellant seek to have the trial of the murder charge transferred to the juvenile side of the court of common pleas as permitted by § 7 of the Act. 11 P.S. § 50–303 (Supp.1976–1977).

transfer hearing knew that a murder was alleged to have arisen out of the offenses before him. Thus, this is not a case where the juvenile petition merely alleges conduct which if proved, would constitute acts of delinquency over which the juvenile division has original jurisdiction. It is, rather, a case where the delinquencies charged in the juvenile petition constitute an integral part of the one offense over which the juvenile court, in the first instance, had no jurisdiction whatsoever. In this situation the hearing judge was correct in transferring the underlying felonies to the criminal side of the court of common pleas.

Beyond this, it would make no sense to try a juvenile as an adult on a felony murder charge in the criminal division and as a juvenile on the underlying felony in the juvenile court division. To do so would not only subject the defendant to the ordeal of two trials but also to the hazard of inconsistent verdicts and separate sentences imposed by separate judges neither of whom possesses an over-all perspective. At a time when both this Court [8] and the legislature in the recent Crimes Code,[9] have signalled that all offenses arising out of a single criminal episode or course of conduct should, in the interest of fairness to a defendant, not to speak of economy of judicial resources,[10] be tried together, it would be

8. See *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432, *vacated and remanded*, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), *on remand*, 455 Pa. 622, 314 A.2d 854, *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). Cf. *Commonwealth v. Tarver*, 467 Pa. 401, 357 A.2d 539 (1975).

9. 18 Pa.C.S.A. § 110 (1973).

10. 18 Pa.C.S.A. § 2502(b) classifies felony murder as murder of the second degree and defines it as follows:

"*(b) Murder of the second degree.*—A criminal homicide constitutes murder of the second degree when the death of the victim occurred while defendant was engaged as a principal or an accomplice in the perpetration of a felony."

Obviously, proof of this offense would require proof of defendant's role in the underlying felonies. Were the juvenile to be tried separately for these other offenses in juvenile court, the same evidence would have to be presented in both cases.

anomalous for us to mandate a different result with respect to this juvenile charged with felony murder.

## II

The second issue raised by appellant is whether his Fifth Amendment rights were violated when the prosecutor cross-examined him concerning a statement made to the police at the time of arrest because the statement did not include the alibi upon which appellant relied at trial.

Appellant did not raise this issue in his written post-trial motions but in a petition filed at the sentencing hearing, over a year after completion of the trial.[11] The general rule in regard to the filing of post-trial motions is set forth in Rule 1123 of the Pennsylvania Rules of Criminal Procedure. In this case the Court declined to hear and rule upon appellant's additional post-trial argument. While defense counsel claims[12] that he believed the court would hear oral argument on his post-trial motions, he does not state upon what basis he formed this belief. Furthermore, even assuming that defense counsel's belief was justified, this does not excuse his failure to submit any kind of motion, written or oral, to the court until the date of sentencing, some three and one-half months after the denial of post-trial motions. Under these circumstances we cannot fault the

11. Post-trial motions were timely filed on July 22, 1974, but at the same time leave was granted Keefer to file additional specific grounds in support of his written motions once the transcript was completed. The trial transcript became available on September 9, 1974, and from that date until May 16, 1975, when appellant's original post-trial motions were denied by the court en banc, appellant submitted no supplemental grounds. In fact, the record indicates that appellant took no action until October 3, 1975, the date of sentencing, at which time he presented the sentencing judge with a petition entitled "Petition for Allowance to Submit an Additional Argument to the Court En Banc" raising the Fifth Amendment issue. This petition stated that defense counsel believed the trial court would hear oral argument on the post-trial motions and that he intended to raise this issue at that time. The sentencing judge denied appellant's petition.

12. See n. 11 supra.

**150**

sentencing judge for rejecting appellant's request to submit an additional argument. We therefore conclude that appellant waived the Fifth Amendment issue sought to be raised therein.[13] Judgments of sentence affirmed.

NIX, J., concurs in the result.

---

13. Appellant also seeks review of two issues concerning the propriety of the preliminary hearing on the criminal homicide charge. Appellant did not raise these issues in his original written post-trial motions nor did he attempt to have them considered following the denial of post-trial motions. We have held repeatedly that issues raised for the first time on appeal will not be considered. *Comonwealth v. Agie,* 449 Pa. 187, 296 A.2d 741 (1972).