386 A.2d 25

**COMMONWEALTH of Pennsylvania**

v.

**Charles WEBB, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1976.

Decided April 13, 1978.

430

Alfred B. Bell, Greensburg, with him Dante G. Bertani, Greensburg, for appellant.

Albert M. Nichols, District Attorney, Greensburg, submitted a brief for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

432

PER CURIAM:

The six Judges who heard this appeal being equally divided, the judgment of sentence is affirmed.

VAN der VOORT, J., files an opinion in support of affirmance in which JACOBS, President Judge and PRICE, J., join.

HOFFMAN, J., files an opinion in support of reversal in which CERCONE and SPAETH, JJ., join.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

## IN SUPPORT OF AFFIRMANCE

VAN der VOORT, Judge:

Complaints were filed against appellant Charles Webb on December 17, 1974, charging him with two counts of possessing illegal drugs with intent to deliver. Appellant was not arrested until ten days later, December 27, 1974. Since the 180th day from the filing of the complaints was a Sunday, under Pa.Rule of Criminal Procedure 1100 appellant should have been brought to trial, if there were no extensions or continuances, by Monday, June 16, 1975. Trial was scheduled for Wednesday, June 18, 1975, the 183rd day following the filing of the complaints. On the day set for trial, appellant, through his attorney, requested a continuance. Appellant was advised that he had a right to trial within 180 days and that a continuance would put his case beyond the required period. (The 180 day period had already expired, of course, if there were no automatic extensions). Appellant agreed on the record to waive the 180 day rule and his right to a speedy trial, and the case was continued to September 16, 1975. On that date, the case was called for trial, the parties were sworn, and appellant's *new* counsel presented an oral application to dismiss the indictment for failure of the Commonwealth to bring appellant to trial within 180 days. The assistant district attorney objected to the fact that the matter of dismissal had not previously been

presented to the court, and claimed that appellant had been a "fugitive" between the date the complaints were filed and the date appellant was arrested. Without hearing argument on whether or not appellant was a fugitive, the lower court denied the oral application to suppress, and the trial commenced. A written application to quash the indictments was not filed until September 18, 1975, the date appellant was found guilty. Appeal was taken to our court from the judgment of sentence.

 Appellant argues that the lower court erred in refusing to grant his application to quash the indictments for failure of the Commonwealth to try him within 180 days. Pennsylvania Rule of Criminal Procedure 306 states: "All pretrial motions for relief shall be in writing." Three members of our Court, by over-extending *Commonwealth v. Keefer,* 470 Pa. 142, 367 A.2d 1082 (1976) would make this rule meaningless. In *Keefer,* a juvenile who objected to transfer of his robbery and conspiracy charges from juvenile to criminal division, raised his objection at four stages: at the transfer hearing, at the preliminary hearing, orally at the commencement of trial, and in post-trial motions. The Supreme Court found under those circumstances that the appellant's failure to file a written pre-trial motion did not constitute a waiver of the issue. The situation in the case before us is totally different; appellant Charles Webb did not bring the Rule 1100 issue to the attention of the lower court until the case was called to trial, and then raised it only orally. I believe that our court should apply the rules of criminal procedure evenhandedly. If the Commonwealth is to be held strictly to a period of 180 days for bringing cases to trial, then defendants in criminal cases should be required to comply with the rules with respect to time and manner of filing applications for dismissal. I would find that appellant waived his right to a trial within 180 days by his failure to file a timely written application to dismiss.[1]

1. The fact that neither the lower court nor the Commonwealth raised the issue of appellant's failure to file a timely written motion for dismissal will not preclude our Court from finding a waiver. See

■ Appellant argues that the failure of his first trial attorney to advise him that 180 days had already elapsed constituted ineffective assistance of counsel. Since appellant was advised *on the record* of his right to trial within 180 days and could have counted the days himself, I would find this back-door approach to the preceding argument also non-meritorious.

■ Appellant argues that the lower court erred in refusing to grant his demurrer at the close of the prosecution's case, since the prosecution did not introduce any evidence to show that appellant was not registered to possess controlled substances. In *Commonwealth v. Stawinsky*, 234 Pa.Super. 308, 339 A.2d 91 (1975), allocatur refused, our court held that there was no burden on the Commonwealth to prove the absence of such registration. The case before us does not require a reversal of our court's position in *Stawinsky*.

■ Appellant's final argument is that the trial court erred in refusing to read to the jury the following requested point for charge: "If you believe that the accused acted only as a conduit in the transactions by which Miss Readinger [the police undercover agent] procured the marijuana, and that the accused did not profit because of the role he played, then you must acquit the accused of the crimes charged." Appellant cites *Commonwealth v. Simione*, 447 Pa. 473, 291 A.2d 764 (1972) as support for his position. *Simione* involved a defendant who was charged with the sale of a controlled substance; in fact, the Commonwealth's Bill of Particulars specified "sale". The Supreme Court held that when the Commonwealth specified that it would prove that a sale had taken place, the Commonwealth would have to prove that an actual sale had taken place, and the trial court would have to charge the jury that a defendant could be an agent or conduit without being a seller. The case before us involves a charge of possession with intent to deliver; the lower

*Commonwealth v. Peters*, 473 Pa. 72, 373 A.2d 1055, 1057, n. 2 (1977).

court did not err in refusing to read to the jury a point for charge that related to *selling* controlled substances.

The judgment of sentence is properly affirmed.

JACOBS, President Judge and PRICE, J., join in this opinion.

WATKINS, President Judge, did not participate in the consideration or decision in this case.

## IN SUPPORT OF REVERSAL

HOFFMAN, Judge:

Appellant contends that the lower court erred in refusing to dismiss the charges against him because the Commonwealth violated Rule 1100(a)(2), Pa.R.Crim.P.; 19 P.S. Appendix. I would remand for an evidentiary hearing on whether the Rule 1100(a)(2) period expired.

On December 17, 1974, a complaint was filed charging appellant with two counts of violating the Controlled Substance, Drug, Device and Cosmetic Act.[1] On December 27, 1974, Westmoreland County officials arrested appellant in his home. Trial was originally scheduled for June 18, 1975, 183 days after the complaint was filed. On that date, appellant's counsel, a Public Defender, requested a continuance until the next term of court because of medical problems in appellant's family and because of appellant's involvement in an ongoing civil suit. At a hearing on the proposed continuance, appellant's counsel told the court that he had discussed the continuance with appellant: "I explained to him that he has a right to a speedy trial and the 180 days would have been exceeded by the next term of Court, and it's still his desire to have this case continued and waives the 180 day rule." The Court requested counsel to question appellant directly. Thereupon, the following interchange occurred:

1. Act of April 14, 1972, P.L. 233, No. 64; § 13(a)(30); 35 P.S. § 780–113(a)(30).

"Q. I have explained to you the possible avenues of a jury trial and non-jury trial in this matter, and it's been scheduled for this term of Court, is that correct?

"A. Yes.

"Q. And you have indicated to me that I ask the Court for a continuance of this matter to the next term of Court, is that correct?

"A. Yes.

"Q. And I explained to you the 180 day rule; you must be brought to trial within 180 days, and I have explained that having this case continued to the next term of Court would exceed the 180 day rule, is that correct?

"A. Yes.

"Q. And it's still your intention to have this case continued?

"A. Yes.

"Q. And you waive the 180 day rule?

"A. Yes.

"Q. And you waive the right to a speedy trial?

"A. I do."

The lower court then continued the case until September 16, 1975. Because appellant's original counsel resigned from the Public Defender's Office sometime before September 16, 1975, another lawyer from the Public Defender's Office assumed the role of appellant's counsel. On September 16, 1975, after the court called the case to trial and swore the parties, appellant's new counsel made an oral motion, on the record, for the dismissal of the charges with prejudice pursuant to Rule 1100(f). In particular, appellant's counsel contended that the Rule 1100(a)(2) [2] period had expired before appellant's June 18, 1975 waiver, and that appellant had only waived his right to include the period between June 18, 1975,

2. That section provides: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

and trial for purposes of Rule 1100 computations. The Commonwealth presented a two-fold response. First, it asserted that the 180 day period had not expired prior to June 18, 1975, because appellant had been a fugitive between December 17, 1974, the date the Commonwealth filed its complaint, and December 27, 1974, the date of appellant's arrest. The attorney alleged that the Commonwealth, despite the exercise of due diligence, could not ascertain appellant's whereabouts. Second, the Commonwealth argued that appellant waived his Rule 1100 rights *in toto.* More specifically, appellant waived his right to include any time *before* June 18, 1975, in his Rule 1100 computations as well as any time *after* June 18, 1975. The lower court determined that appellant had waived his Rule 1100 rights completely. Therefore, the court did not address appellant's contention that the 180 day period had expired before June 18, 1975, or the Commonwealth's response. The court then ordered the parties to proceed to trial immediately.

On September 18, 1975, a jury found appellant guilty of the two counts of violating the Controlled Substance, Drug, Device and Cosmetic Act. On September 18, 1975, appellant filed a written application to quash the indictment and to dismiss the indictment with prejudice; the lower court rejected the application. After the court denied appellant's timely post-verdict motions, it sentenced appellant to two and one-half years'-to-five years' imprisonment on the first count and to a consecutive term of five years' probation on the second count. This appeal followed.

Appellant contends that the lower court should have granted his motion to dismiss the charges with prejudice because the Commonwealth did not bring appellant to trial within the 180 day period mandated by Rule 1100(a)(2).

Preliminarily, I note that the Commonwealth does not contend that appellant waived his Rule 1100 rights by making his motion on the day of trial. Appellant's motion was timely. Rule 1100(f) provides in pertinent part: *"At any time before trial,* the defendant or his attorney may apply to

the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated." (Emphasis supplied) The Comment to Rule 1100 elaborates upon when a Rule 1100(f) application must be filed. "It is not intended that preliminary calendar calls should constitute commencement of a trial. A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire, or to opening argument, or to the hearing of any motions which had been reserved for the time of trial, or to the taking of testimony or to some other first step in the trial." In *Commonwealth v. Lamonna*, 473 Pa. 248, 258, 373 A.2d 1355, 1358 (1977), our Supreme Court recently interpreted Rule 1100(f) and the accompanying Comment: "Although the case had been called for trial and defendant had been arraigned before he moved to dismiss, *the jury had not yet been empaneled, nor had voir dire or any other substantial step of trial begun.*" See Comment, Pa.R.Crim.P. 1100. "Given this posture of the proceedings, we hold that the Rule 1100 motion was timely made." (Footnotes omitted) (Emphasis supplied).[3]

In the instant case, the court had merely called the case to trial and sworn the parties. Because the Supreme Court in *Commonwealth v. Lamonna* held that calling a case to trial and arraigning the defendant do not constitute "substantial steps" demarcating the beginning of trial, it ineluctably follows that calling the case to trial and swearing the parties constitute only pro forma motions and not "substantial

---

**3.** In a Concurring Opinion, Chief Justice EAGEN formulated a functional approach for determining whether trial had commenced for purposes of Rule 1100(f). Justice EAGEN stressed that " . . . the principal concern behind Rule 1100 is simply that the commencement of trial be marked by a substantive, rather than pro forma, event. Moreover, each of the events specifically referred to in the foregoing portion of the comment represents a degree of commitment of the court's time and resources such that the process of determining the defendant's guilt or innocence follows directly therefrom. Accordingly, the beginning of any stage which leads directly into the guilt-determining process is a 'first step in the trial' for purposes of Rule 1100." *Commonwealth v. Lamonna*, supra, 473 Pa. at 260, 373 A.2d at 1361.

steps" in the course of a trial. Therefore, appellant made a timely Rule 1100(f) application for dismissal of the charges.[4]

Next, I observe that neither the lower court nor the Commonwealth contended that appellant waived his Rule 1100 rights by filing an *oral* motion on the day of trial. Rule 1100(f), by implication, requires a defendant to serve a *written* copy of a Rule 1100(f) application upon the Commonwealth attorney. (*See also* Pa.R.Crim.P. 306; 19 P.S. Appendix which requires all pre-trial motions to be in writing.) Although appellant did not file a written Rule 1100(f) application until the last day of trial, I would refuse to hold, *sua sponte*, that appellant waived his Rule 1100 rights by making an oral, on-the-record, pre-trial motion. First, insofar as the purpose of requiring a written motion is to ensure that the trial and appellate courts know the precise contentions raised, this purpose has been satisfied in the instant case. Cf. Rule 1123(b), Pa.R.Crim.P.; 19 P.S. Appendix. *Commonwealth v. Kinsey*, 249 Pa.Super. 1, 375 A.2d 727 (1977). Appellant's motion and the subsequent argument by both parties were fully transcribed for the record, and appellant filed a written application the last day of trial. Therefore, the record clearly reveals the basis of appellant's Rule 1100 motion. Second, insofar as the purpose of requiring a written motion is to inform the Commonwealth of the specific basis of a defendant's claim so it can narrowly focus its response, this purpose has also been fulfilled in the case at bar. The record clearly demonstrates that the Common-

---

4. Contrast *Commonwealth v. Perkins*, 473 Pa. 116, 139, 373 A.2d 1076, 1087 (1977), in which the Supreme Court held that the defendant had filed an untimely Rule 1100(f) application.

"The record shows *Perkins* did not assert his Rule 1100 claim until *after* the jury panel had been sworn and addressed by both counsel and the court, as well as after *Perkins* had again been sworn, informed of his right to challenge members of the jury panel, and read the charges against him, to which he indicated an intention to plead not guilty. Under these circumstances, we are of the view *Perkins* failed to raise the issue of an alleged violation of Rule 1100 until after his trial had commenced and thus, the issue is waived. Cf. *Commonwealth v. Roundtree*, 458 Pa. 351, 326 A.2d 285 (1974); *Commonwealth v. Hickson*, 235 Pa.Super. 496, 344 A.2d 617 (1975)." (Emphasis in original)

wealth knew the precise nature of appellant's claims that (1) the Rule 1100 period had expired *before* the June 18, 1975 waiver, and (2) appellant had not waived Rule 1100 rights which had vested prior to June 18, 1975. The Commonwealth attorney carefully tailored his counter-arguments to meet appellant's claims: (1) The Rule 1100 period had not expired prior to June 18, 1975, because appellant had been unavailable for a period of ten days, despite the Commonwealth's due diligence, and (2) appellant waived his Rule 1100 rights *in toto*. Therefore, because the Commonwealth did not suffer any prejudice or surprise resulting from the oral nature of appellant's pre-trial motion [5] and because the record demonstrates that the Rule 1100 issue has been clearly framed and argued, I would not hold that the *oral* nature of appellant's Rule 1100 application constitutes a forfeiture of appellant's Rule 1100 claim.[6]

Next, I must determine whether appellant waived his Rule 1100 rights completely when the lower court granted a continuance on June 18, 1975. In *Commonwealth v. Myrick*, 468 Pa. 155, at 161, 360 A.2d 598, at 600 (1976), the Supreme Court held that a defendant may waive speedy trial rights

**5.** One must carefully distinguish surprise caused by an unclear oral framing of the issues from surprise caused by the permissible filing of a Rule 1100(f) application moments before trial commences. The Majority fails to draw this distinction.

**6.** The Supreme Court has recently indicated that the requirements of Rule 304 will not be insisted upon rigorously for purposes of appellate review if an issue has been clearly framed below. See *Commonwealth v. Keefer*, 470 Pa. 142, at 145, ftn. 4, 367 A.2d 1082, at 1083, ftn. 4 (1976). In *Keefer*, the appellant argued that the charges against him were not properly transferred from the juvenile division to the criminal division. Appellant raised this issue at trial in the form of an oral motion to quash the indictments. The lower court denied the motion because it had not been raised in writing, pursuant to Rule 304, nor had it been raised at least 10 days before trial pursuant to Rule 305 Pa.R.Crim.P. The Supreme Court, in deciding to review the contention, stated: "While we agree that the challenge to the transfer should have been made by means of a written pre-trial motion, we believe that in light of appellant's objection to the propriety of the transfer made at the transfer hearing itself, made again at the preliminary hearing, renewed at the commencement of trial and again in post-trial motions, he has adequately preserved the issue for appellate review." Supra, 470 Pa. at 146, 367 A.2d at 1084.

protected by Rule 1100. The Court stated that: "Rule 1100 is a rule of criminal procedure designed to implement and protect a defendant's constitutional right to a speedy trial. Its particular terms, however, are neither directly granted by nor required by the Constitution. Nevertheless, the basic requirements for making a valid waiver of constitutional rights, . . . are instructive in our consideration of the validity of a claimed waiver of the protections of rule 1100." Before a court can determine that a defendant has waived his constitutional rights, the record must demonstrate that the decision to waive these rights is an informed and voluntary act of the defendant. The Commonwealth bears the burden of establishing the validity of any waiver. *Commonwealth v. Myrick*, supra, 468 Pa. at 160, 360 A.2d at 600.

In the instant case, the waiver colloquy quoted above, clearly reveals that the trial court, appellant, and his counsel did not know that 183 days had already elapsed when appellant moved for a continuance on June 18, 1975. They proceeded on the assumption that the 180 day period had not yet expired, but that it would expire if the lower court granted a continuance until the next term of court. Appellant, therefore, thought his choice was limited to a continuance or immediate trial; he did not know that he might be entitled to immediate discharge if he had moved for dismissal of the charges pursuant to Rule 1100(f). Under these circumstances, it is clear that appellant did not knowingly waive his right to insist upon the Commonwealth's compliance with Rule 1100(a)(2). Appellant only waived his right to include any days between the securing of the continuance and trial for purposes of Rule 1100.[7] *Commonwealth v.*

7. The Commonwealth argues that appellant knowingly waived his right to include any days between the filing of the complaint and the granting of the continuance in making his Rule 1100 computations. I find it difficult to believe that a defendant with an appreciation of his bargaining position would knowingly waive his right to include this period in Rule 1100 calculations. When asking for a continuance which would extend beyond the expiration of the applicable Rule 1100 period, a defendant must be prepared if requested, to waive any delay *caused by the continuance* for purposes of Rule 1100. The waiver of any delay stemming from the continuance is the *quid pro*

*Myrick,* supra; *Commonwealth v. Hickson,* 235 Pa.Super. 496, 344 A.2d 617 (1975).

Finally, I address the merits of appellant's Rule 1100 claim. Appellant complied with Rule 1100(f) by moving to dismiss the charges with prejudice before trial. The Commonwealth did not list the case within 180 days after the filing of the complaint. At no time did the Commonwealth file a petition to extend the 180 day period pursuant to Rule 1100(c).[8] *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976). Thus the Commonwealth was required to show that at least three days should have been automatically excluded, pursuant to Rule 1100(d)[9] in computing the number of days

*quo* for the requested continuance. However, the period prior to the desired continuance has no relevance to this bargaining equation. A defendant who waives this prior period has nothing to gain and everything to lose. In the instant case, the on-the-record colloquy between counsel and appellant indicates that both participants understood that the grant of a continuance would be conditioned upon appellant's willingness to waive the time period between the continuance and trial for purposes of Rule 1100.

8. Rule 1100(c) provides: "(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

9. Rule 1100(d) provides: "(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
 "(1) the unavailability of the defendant or his attorney;
 "(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only, the period beyond the thirtieth (30th) day shall be so excluded."
 The comment to Rule 1100 provides, in pertinent part:
 "For purposes of subparagraph (d)(1), in addition to any other circumstances precluding the availability of the defendant or his attorney, the defendant should be deemed unavailable for any period of time during which he could not be apprehended because his whereabouts were unknown and could not be determined by due diligence; or during which he contested extradition, or a responding jurisdiction delayed or refused to grant extradition; or during which

between the filing of the complaint and the hearing on appellant's request for a continuance on June 18, 1975, for purposes of Rule 1100(a)(2). During the pre-trial discussion pertaining to Rule 1100, the Commonwealth alleged that the police could not apprehend appellant during the period of December 17–27, 1974, because his whereabouts were unknown and could not be determined by due diligence. *See* Comment to Rule 1100. Accordingly, the Commonwealth contended that ten days should have been excluded from the Rule 1100(a)(2) computation and that the 180 day period had not expired prior to appellant's waiver on June 18, 1975. However, the lower court concluded that appellant had waived his Rule 1100 rights *in toto*. Therefore, the Commonwealth and the lower court did not pursue the inquiry into whether the Commonwealth could show by a preponderance of the evidence that the police, despite due diligence, could not locate appellant from December 17–27, 1974, *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). I cannot now decide the merits of appellant's Rule 1100 claim because we do not have a fully developed record on the central issue of whether the Commonwealth can successfully demonstrate its due diligence in determining appellant's whereabouts. Accordingly, I would vacate the judgment of sentence and remand for an evidentiary hearing on appellant's Rule 1100 claim.[10]

CERCONE and SPAETH, JJ., join in this opinion.

the defendant was physically or mentally incompetent to proceed; or during which the defendant was absent under compulsory process requiring his appearance elsewhere in connection with other judicial proceedings."

10. Appellant raises three other claims: 1) his counsel was ineffective because he did not move for a dismissal of the charges pursuant to Rule 1100(f) on June 18, 1975, 2) the Commonwealth did not prove that appellant was not registered under the Controlled Substance, Drug, Device and Cosmetic Act, and 3) the lower court erred in refusing to charge that if appellant acted only as a conduit in the drug transactions, he should be acquitted. Because of my disposition of appellant's Rule 1100 claim, I need not consider these contentions.