384 A.2d 94

**COMMONWEALTH of Pennsylvania**

v.

**Richard CORNELIUS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1976.

Decided April 28, 1978.

566

Richard P. Cornelius, in propria persona.

Allen E. Ertel, District Attorney, Williamsport, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On February 14, 1975, appellant Richard Cornelius was speeding south on U. S. Route 15, traveling 88 miles per hour in a 55 mile per hour zone, when he passed through a radar trap being operated by Trooper P. W. Baclawski of the Pennsylvania State Police. Appellant was stopped and given a citation.

On February 20, 1975, appellant appeared in the office of District Justice Dean E. Dawes, and stated that he wished to plead not guilty. Appellant was informed that a hearing date would be set and that he would be notified of the date by certified mail. The transcript of the district justice reveals that "[d]ue to previous hearings scheduled and other matters on the calendar, the hearing date was set for March 26, 1975, and defendant was sent notice of this hearing date on February 21, 1975." The hearing was postponed twice, first because of the unavailability of Trooper Baclawski (who went on vacation), then because of an accident which required hospitalization of the district justice. On April 9, 1975, appellant presented a Motion to Dismiss to the district justice. No action was taken on this motion. On April 29, 1975, notice of a new hearing date of May 22, 1975 was sent to appellant by certified mail. Appellant failed to appear for his hearing, was found guilty, then appealed to the Court of Common Pleas for a trial de novo.

At the de novo trial, held on February 3, 1976, appellant's Motion to Dismiss, filed with the lower court only five days prior to trial, was denied, and appellant was once again found guilty. Appellant filed no post-trial motions, but took an appeal to our court, raising several vaguely worded

issues. We find that appellant waived the right to argue these issues on appeal by his failure to file his Motion to Dismiss at least ten days prior to trial and by his failure to file written post-verdict motions.[1]

█ Former Pa.Rule of Criminal Procedure 305 (replaced by Rule 307, effective January 1, 1978) provided that pretrial applications for relief would not be considered by the lower court unless made at least ten days prior to trial, unless sufficient opportunity did not exist. Appellant filed his appeal for trial de novo on May 27, 1975, and had over eight months in which to file his motion to dismiss. Appellant took no steps in the lower court to place on record the reason, if any, for his failure to file such motion at least ten days prior to trial, and the lower court appropriately relied (in its opinion filed April 26, 1976) on appellant's tardiness as a ground for refusing appellant's application.

█ Under *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975) and *Commonwealth v. Bailey*, 463 Pa. 354, 334 A.2d 869 (1975), an appellant's failure to comply with Pa.Rule of Criminal Procedure 1123 and raise issues in written post-verdict motions will result in a waiver of the right to raise those issues on appeal. Under *Commonwealth v. Schroth*, 458 Pa. 233, 328 A.2d 168 (1974) and *Commonwealth v. Tate*, 464 Pa. 25, 346 A.2d 1 (1975), however, waiver of the right to file post-verdict motions must be knowing and intelligent. In *Schroth*, the lower court failed to comply with Rule 1123 and did not advise the defendant of the necessity of raising issues in written post-verdict motions in order to preserve the issues for appeal. In both *Schroth* and *Tate*, the Supreme Court was unable to determine from the record whether or not the defendants had knowingly and intelligently waived the filing of post-verdict motions, and the Supreme Court accordingly remanded both cases for a determination of whether or not the waivers

---

1. We note also a failure by appellant to fully comply with the Superior Court Rules then in effect with respect to printing of briefs and records.

were knowing and intelligent.[2]  In the case before us, appellant appeared on his own behalf at the de novo trial and announced to the trial judge that he was an attorney and member of the Bar, and that he was familiar with the rules that they would be discussing (apparently referring to rules mentioned in the Motion to Dismiss).  Although the record does not indicate that the lower court advised appellant of the necessity of filing post-verdict motions, under the circumstances we find that appellant's failure to file such motions was "knowing and intelligent", and that appellant has waived the right to now raise his issues before our Court.

Judgment of sentence affirmed.

JACOBS, President Judge, and CERCONE and PRICE, JJ., concur in the result of this opinion.

SPAETH, J., files dissenting opinion in which HOFFMAN, J., joins.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

This may seem a small case.  Why should a court concern itself particularly with a speeder who goes eighty-five miles per hour in a fifty-five miles per hour zone?  Sometimes, however, a small case conceals a large principle, and thereby gains significance.  That is so here.

The majority concludes that "appellant waived the right to argue  .  .  .  issues on appeal by his failure to file his Motion to Dismiss at least ten days prior to trial and by his failure to file written post-verdict motions."  Majority Opinion at 568, 386 A.2d at 95.  It is convenient to consider these points in reverse order.

2.  For cases in which the Supreme Court, after determining from the record that defendants had most likely been misled by the lower court and therefore could not have knowingly and intelligently waived their appeal rights, remanded to permit the defendants to file post-verdict motions nunc pro tunc, see *Commonwealth v. Miller*, 469 Pa. 370, 366 A.2d 220 (1976) and *Commonwealth v. Williams*, 459 Pa. 589, 330 A.2d 854 (1975).

570

It is true that appellant after his de novo hearing in the court of common pleas did not file written post-trial motions as required by Pa.R.Crim.P. 1123. It does not follow, however, that we should not consider the issue he has raised in his appeal. We have only recently held that when a trial judge fails to comply with Rule 1123(c)—that is, fails to advise the defendant of the consequence of not filing post-trial motions—the case must be remanded to allow the defendant to file the motions nunc pro tunc. *Commonwealth v. Brown*, 248 Pa.Super. 289, 375 A.2d 102 (1977). See *also Commonwealth v. Miller*, 469 Pa. 370, 366 A.2d 220 (1976); *Commonwealth v. Steffish*, 243 Pa.Super. 309, 365 A.2d 865 (1976). Here the record is silent as to whether the trial judge complied with Rule 1123(c). Therefore, we might remand. It is clear, however, that remand would not serve the interest in judicial economy. The lower court has considered appellant's pretrial motion to dismiss, and in its opinion has outlined its reasons for denying the motion. Appellant raises the same issue to us. Remand, therefore, would not serve to clarify the issue for our appellate review. *Commonwealth v. Lee*, 460 Pa. 324, 327, 333 A.2d 749, 750 (1975); *Commonwealth v. Brunner*, 243 Pa.Super. 55, 57, 364 A.2d 446, 448 (1976). We should therefore consider the issue on its merits.

Regarding appellant's failure to timely file his motion to dismiss the majority states:

Appellant filed his appeal for trial de novo on May 27, 1975, and had over eight months in which to file his motion to dismiss. Appellant took no steps in the lower court to place on record the reason, if any, for his failure to file such motion at least ten days prior to trial, and the lower court appropriately relied (in its opinion filed April 26, 1976) on appellant's tardiness as a ground for refusing appellant's application. *Id.*

I believe the majority has misinterpreted the rule on pretrial motions and the facts in this case.

Pa.R.Crim.P. 305 provides in part:

> . . . [N]o pretrial application shall be considered if made less than ten days before trial *unless opportunity therefor did not exist.* (Emphasis added)

The record shows that neither the lower court nor the district attorney made any objection to consideration of the motion to dismiss at the trial (N.T. at 3–5). Appellant is quite correct that the lower court should not be allowed to use its opinion, filed pursuant to Rule 46 of the Rules of the Superior Court, to raise for the first time the objection that the motion was filed late. It is regrettable that the majority countenances such practice.

Appellant also argues that had objection been made at trial he would have shown that his failure to file his motion timely was due to the fact that he received notice of the trial on January 27, 1976, and therefore did not have an opportunity to comply with Rule 305. The record does not show when appellant received notice of his de novo hearing.[1] It is unreasonable to say that appellant has waived his right to have his motion to dismiss considered after it was fully heard below and where there is no indication on the record that he had the opportunity to file it earlier than he did.[2]

1. The record is silent as to when the notice was actually given; we cannot assume that appellant was given the necessary notice to comply with the Rule. In this regard it may further be noted that (as already mentioned) the district attorney made no objection to the motion as late, which suggests recognition of the fact that appellant had not had the opportunity to file it ten days before trial and that therefore the court could hear it. *See* Rule 305.

2. This position is supported by *Commonwealth v. Keefer*, 470 Pa. 142, 367 A.2d 1082 (1976), where the Supreme Court adopted a lenient interpretation of Rules 304 and 305, stating:

> Appellant raised this issue at trial in the form of an oral motion to quash the indictments. The trial court denied the motion because appellant did not challenge the transfer in a written pre-trial motion in compliance with Rules 304 and 305 of the Pennsylvania Rules of Criminal Procedure. In disposing of appellant's post-trial motions, the court en banc held that "The failure to raise this issue in writing prior to trial acted as an effective waiver of the right to

■■■■■■

This case is not like *Commonwealth v. Smith*, 237 Pa.Super. 506, 352 A.2d 90 (1975), relied upon by the lower court. There the defendant made a motion to dismiss on the day of trial without any showing that there was no opportunity to comply with the Rule.

Accordingly, appellant's motion to dismiss was properly before the court.

–3–

Appellant argues that the magistrate failed to fix his hearing in accordance with Pa.R.Crim.P. 55–2(a).

Rule 55–2(a) provides:

The issuing authority, upon receiving a plea of not guilty, *shall*:

. . . . .

2. Notify the defendant and the police officer of the date and hour fixed for the trial as follows:

   (a) If the defendant appears personally, the issuing authority *shall* set security and fix the date and hour for trial *which shall not be less than three nor more than ten days after his appearance, unless extended for cause shown* . . . .

(Emphasis added.)

It is plain that here the magistrate did not do what the rule requires: Instead of fixing a hearing not less than three nor more than ten days after appellant appeared and pleaded not guilty, the magistrate fixed the hearing over a month later. The Rule only gives the magistrate discretion to

challenge the certification at the time of trial. It is for these reasons that the oral motion was dismissed at that time and is found to be without merit in this subsequent written motion." While we agree that the challenge to the transfer should have been made by means of a written pre-trial motion, we believe that in light of appellant's objection to the propriety of the transfer made at the transfer hearing itself, made again at the preliminary hearing, renewed at the commencement of trial, and again in post-trial motions, he has adequately preserved the issue for appellate review. *Id.*, 470 Pa. at 145 n. 4, 367 A.2d at 1083 n. 4.

extend a date for hearing "for cause shown." Here no cause was shown. Appellant was never told why his original hearing date was set outside the limit.[3]

The significance of this case is that its proper disposition involves the principle that to deserve the people's confidence, courts must obey their rules.[4] The principle is a procedural one, and may be regarded as an aspect of due process or fair dealing. The only way to ensure that every person appearing before a court is treated the same is for the court to proceed from the beginning of every case and through to final decision step by step as the court's rules and precedents require. Never should the court's process vary according to who stands before it. Never should the court say: "It is perfectly clear that this man has broken the law; it will therefore not matter if in his case we overlook our rules and precedents." Yet that is what has happened here; and what is more to be regretted, it has happened in every court along the way. The magistrate did not follow his rule on when hearings should be set. The lower court did not follow the rule that a case should not be decided on a point not presented or considered by the parties; after entertaining appellant's motion to dismiss, the court without notice to appellant or opportunity to argue held in its opinion to this court that the motion was late. And finally, this court ignores its precedents on waiver of appellate rights, and in doing so, sanctions both the magistrate's and lower court's actions.

3. Because appellant was never told, I express no opinion on whether "previous hearings scheduled and other matters on the calendar," which was what the magistrate noted on his transcript, might be sufficient "cause."

4. To be sure, immaterial deviations have been overlooked. Thus in *Commonwealth v. Hailey*, 470 Pa. 488, 368 A.2d 1261 (1977), the Supreme Court held that where the preliminary hearing was held eleven days after the preliminary arraignment instead of ten days, there had been "substantial compliance" with Pa.R.Crim.P. 140(f), and a motion to quash would be denied. *But see* my Concurring Opinion in *Commonwealth v. DeCosey*, 246 Pa.Super. 412, 416, 371 A.2d 905, 907 (1977). It cannot be maintained here that there was "substantial compliance."

Appellant's motion to dismiss should have been granted; the lower court's judgment should be vacated.

HOFFMAN, J., joins in this opinion.