322

390 A.2d 843

COMMONWEALTH of Pennsylvania

v.

**Kenneth ORMSBEE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided July 12, 1978.

Lee Mandell, Philadelphia, for appellant.

John T. Forry and Charles M. Guthrie, Jr., Assistant District Attorneys, Reading, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

## OPINION

PER CURIAM:

The six Judges who decided this case being equally divided, the judgment of sentence is affirmed.

VAN der VOORT, J., files an opinion in support of affirmance in which CERCONE and PRICE, JJ., join.

SPAETH, J., files an opinion in support or reversal in which JACOBS, President Judge and HOFFMAN, J., join.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

VAN der VOORT, Judge, in support of affirmance:

Appellant was convicted by a jury of a criminal solicitation, 18 P.S. 902, and criminal conspiracy, 18 P.S. 903(a)(1), in connection with the burglary of a house occupied by Gregory A. Ebling in Fleetwood, Pennsylvania. Appellant was sentenced on the first count to serve two years on probation, to pay the costs of the prosecution and a $1,000 fine, and to make restitution for the stolen property in the amount of $3,600, such costs, fine and restitution to be paid during the first twenty months of the sentence. The sentence on the second count was one year on probation to begin at the expiration of the first probationary period, the payment of costs and a $500 fine, payable over the first six months of the second probationary period.

The victim, Gregory A. Ebling, died of causes unrelated to the burglary between the time it happened and the imposition of sentence. At the hearing preceding sentence, appellant's counsel questioned whether restitution was appropriate after the death of the victim, but acquiesced in the court's decision to make restitution a part of its sentence when the court indicated that if it did not order restitution it would increase the fine. Counsel also acquiesced in the suggestion of the court at the hearing preceding sentence that the value of the stolen property be fixed at $3,600, a value to which the victim had testified, rather than hold further hearings on the matter.

Appellant had appealed the judgment imposing sentence, contending that restitution could not be required after the death of the victim and challenging the amount of restitution ordered on the ground that there was inadequate proof of the value of the property stolen.

Immediately prior to the imposition of sentence, appellant withdrew a petition previously filed asking for a new trial and arrest of judgment. Appellant's counsel took no exception on either issue when sentence was imposed; indeed, he acquiesced. He filed no motion in the lower court to have the judgment vacated or corrected. He ignored Berks County Rule of Court 488 which provides that in every appeal to

which no post-trial motions or exceptions are filed appellant's counsel must file with the Berks County Court a concise statement of the matters complained of and intended to be argued on appeal. The trial judge twice wrote appellant's counsel calling his attention to the Rule but received no response.

In short, appellant's arguments are being presented for the first time on appeal. Rule 302 of the Rules of Appellate Procedure provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal". Our Supreme Court has ruled time and again that issues cannot be raised for the first time on appeal. They are waived unless first presented to the trial court: *Commonwealth v. Keefer*, 470 Pa. 142, 150, 367 A.2d 1082 (1976); *Commonwealth v. Miller*, 469 Pa. 370, 372, 366 A.2d 200 (1976); *Commonwealth v. Bronaugh*, 459 Pa. 634, 636, 331 A.2d 171 (1975); *Commonwealth v. Agie*, 449 Pa. 187, 189, 296 A.2d 741 (1972). Indeed the rule that an issue cannot be raised for the first time on appeal is so important to the orderly administration of justice that it has been applied to a contention claimed to be "basic and fundamental"; *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 257–260, 322 A.2d 114 (1974). The merit of such a rule both to the courts and the litigants is obvious, but is carefully spelled out in *Dilliplaine*.

The case before us is a splendid example of the need for the rule. Had appellant taken exception to the inclusion of restitution in the sentence and then briefed and argued the matter to the court below, the court would have had the opportunity to increase the fine in lieu of restitution if convinced that restitution was inappropriate. The court had indicated in the pre-sentencing colloquy that he would be so disposed if he were persuaded that restitution was not permissible. Had appellant's counsel advised the court of the basis of his appeal as required by Berks County Rule 488, it would have given the trial judge an opportunity to advise this court of the relationship in his mind between restitution and fine and what sentence he would have imposed had

restitution been omitted. I must conclude that it was not an oversight that the trial court was denied this opportunity.

I would affirm.

CERCONE and PRICE, JJ., join in this opinion.

SPAETH, Judge, in support of reversal:

I should vacate the judgment of sentence and remand for resentencing, since an illegal sentence cannot be waived, *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Usher*, 246 Pa.Super. 602, 371 A.2d 995 (1977). The remand should be without prejudice to the court imposing a fine.

JACOBS, President Judge, and HOFFMAN, J., join in this opinion.