J-S74035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ERICK FINNEGAN | |
| Appellant | No. 3841 EDA 2015 |

Appeal from the PCRA Order November 23, 2015
in the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-0001211-2013

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY RANSOM, J.:               **FILED NOVEMBER 03, 2016**

Erick Finnegan (Appellant) appeals from the November 23, 2015 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Following a bench trial in July of 2013, the court found Appellant guilty of retail theft.[1]  Appellant was sentenced to four to twenty-three months' incarceration with a term of eighteen months' probation to be served consecutively.  Appellant filed a motion to modify and reconsider sentence, which was denied in July of 2013.  No direct appeal was filed.  In September

---

[1]***See*** 18 Pa.C.S. § 3929(a)(1).

*Former Justice specially assigned to the Superior Court.

2013, Appellant untimely mailed a notice of appeal to the PCRA court.[2] The PCRA court returned the notice to Appellant, informing him that his appeal was untimely and noting that no notice of appeal was on file with the Bucks County Clerk of Courts.

Appellant *pro se* filed a timely PCRA petition in October of 2013, alleging ineffective assistance of trial counsel. Thereafter, counsel was appointed and filed an amended petition on Appellant's behalf. Specifically, Appellant alleged trial counsel was ineffective for (1) failing to file a direct appeal, (2) preventing Appellant from testifying in his own defense, and (3) allowing Appellant to unknowingly and unintelligently waive his right to a jury trial, as Appellant was intoxicated. In October of 2015, the PCRA court held an evidentiary hearing, at which Appellant and trial counsel testified.

At the evidentiary hearing, Appellant testified that in a conversation with trial counsel following the denial of his motion to reconsider sentence, he requested that counsel file an appeal on his behalf. N.T., 10/23/15, at 48-51. Appellant further stated that he attempted to request same through three, interoffice green slips and a letter sent to trial counsel. *Id.* at 51-69. Trial counsel categorically denied that Appellant requested him to file an appeal and further testified that he never received any of the aforementioned correspondence. *Id.* at 104-06, 110-11.

---

[2] The Honorable Albert J. Cepparulo presided over both the trial and PCRA in the instant case. *See* Notes of Testimony (N.T.), 7/8/13; N.T. 10/23/15.

Appellant suggested the outcome of trial may have been different if he had given his version of events and insisted that he never discussed with counsel the impact his prior convictions for *crimen falsi* offenses would have on the fact-finder. ***Id.*** at 43-46. Trial counsel testified about the multiple concerns he shared with Appellant about testifying and stated that the ultimate decision not to testify was Appellant's. ***Id.*** at 93-97, 101-04, 116-18,120-23.

Appellant testified that he was high on heroin when he waived his jury trial and proceeded to a waiver trial that same day. ***Id.*** at 21-24. Appellant described a conversation between him and counsel on the day of trial that evinced counsel knew he was "on drugs," but Appellant was uncertain if he specifically stated that he was on heroin. ***Id.*** at 21-24, 34-36. Counsel refuted this testimony by maintaining that if he suspected Appellant was under the influence and could not understand the proceedings, he would not have allowed the trial to move forward. ***Id.*** at 84-91. Further, counsel observed that Appellant was able understand and appropriately respond to the questions posed to him by counsel and by the trial court. ***Id.*** at 118-20.

The PCRA court held the matter under advisement, and in November of 2015, the court dismissed Appellant's petition by order and opinion. In the opinion, the PCRA court analyzed the "completely contradictory" testimony of Appellant and counsel and found trial counsel wholly credible while it found the Appellant incredible. PCRA Court Opinion, 11/23/15, at 12-13. Appellant timely appealed and filed a court-ordered Pa.R.A.P.

1925(b) statement. In February of 2016, the trial court issued an opinion incorporating its prior opinion.

Appellant presents the following questions for our review:

1. Did the lower [c]ourt err when it refused to grant [Appellant] *nunc pro tunc* relief when extraordinary circumstances involving a [breakdown] in the administrative and judicial process interfered with [Appellant's] ability to communicate with his attorney and file a timely appeal?

2. Did the PCRA court err by not reinstating [Appellant's] appellate rights *nunc pro tunc* when trial counsel failed to file a timely direct appeal as directed?

3. Was trial counsel ineffective when he interfered with [Appellant's] right to testify?

4. Was trial counsel ineffective when he allowed [Appellant] to enter an [unknowing] and [involuntary] waiver [of] his right to a jury trial while he was under the influence of a controlled substance?

Appellant's Brief at 3.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Allowance of appeal *nunc pro tunc* is within the sound discretion of the trial court, and our standard of review of a decision of whether to permit an

appeal *nunc pro tunc* is limited to a determination of whether the trial court has abused its discretion or committed an error of law. ***Commonwealth v. Yohe***, 641 A.2d 1210, 1211 (Pa. Super. 1994) (quoting ***Commonwealth v. Nicholas***, 592 A.2d 98, 99 n.3 (Pa. Super. 1991), *appeal denied*, 602 A.2d 858 (Pa. 1992)). The remedy of a *nunc pro tunc* appeal is intended to vindicate the appellant's right to appeal in certain extraordinary situations where that right to appeal has been lost. ***Commonwealth v. Stock***, 679 A.2d 760, (Pa. 1996).

In his first issue, Appellant contends that the trial court should have granted his right to appeal *nunc pro tunc* where a breakdown in communication between him, trial counsel, and the trial court constituted extraordinary circumstances. Appellant's Brief at 16-22. We disagree.

As an initial matter, we note that this claim is not properly preserved for our review, as it was not included in Appellant's PCRA petition. Accordingly we deem Appellant's first issue waived. ***Commonwealth v. Keefer***, 367 A.2d 1082, 1086 (Pa. 1976); ***see also*** Pa.R.A.P.. 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Nevertheless, to the extent that testimony at the evidentiary hearing implied this issue to some extent, we note that the PCRA court found Appellant's evidence pertaining to a breakdown in communication between the Appellant, trial counsel and the PCRA court not credible. PCRA Court Opinion 12-13. As such, we conclude this claim is without merit.

Appellant next claims that the PCRA court erred by not reinstating his appellate rights when trial counsel failed to file a timely direct appeal as requested. Appellant's Brief at 22-25.

We presume counsel is effective. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). To overcome the presumption and establish ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. A claim will be denied of the petitioner fails to meet any one of these requirements. *Commonwealth v. Springer*, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing *Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007)); *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). The unjustified failure to file a requested direct appeal is ineffective assistance of counsel *per se*, and an appellant need not show that he likely would have succeeded on appeal in order to meet the prejudice prong of the test for ineffectiveness. *Commonwealth v. Bath*, 907 A.2d 619, 622 (Pa. Super. 2006).

At the evidentiary hearing, Appellant submitted documents and testified in an attempt to establish that he requested that trial counsel file an appeal and trial counsel failed to do so.[3] The PCRA court determined that Appellant was not entitled to *nunc pro tunc* appeal because his exhibits and testimony were not credible:

> [W]e only consider whether evidence presented at [Appellant's] PCRA hearing was sufficient to prove that he requested an appeal and Mr. Haag failed to act upon that request. The relevant testimony of [Appellant] and Mr. Haag relating to the issue of a request for a direct appeal are completely contradictory. According to [Appellant], he told Mr. Haag that he could serve his sentence "standing on [his] head" and then allegedly said[,] "let's get the appeal. My sentence will be done by the time the appeal goes through, and if I lose the appeal, the time will be done." Mr. Haag, on the other hand, related to this [c]ourt that when he visited [Appellant] at the prison after his conviction [Appellant] told him "he did not want to file an appeal at that time, that he could do the amount of time he had standing on his head." We also noted that Mr. Haag testified that [Appellant] was concerned about the effect this conviction would have on the parole or probation he was serving from a prior conviction.
>
> In the instant matter, this [c]ourt as fact-finder found Mr. Haag, who is a reputable and experienced Public Defender and an officer of the court, to be wholly credible. We found completely credible Mr. Haag's assertion that he had consulted with the [Appellant] after the Motion for Reconsideration was denied, and that [Appellant] indicated at that time that he did not want to pursue an appeal.

---

[3] Appellant testified that he sent three, interoffice green slips to trial counsel and a letter in an attempt to have counsel perfect his appeal. N.T., 10/23/15, at 53-59, 62-69, 74-79; *see also* Appellant's PCRA Exhibits P1-P4. Appellant had no proof that any of these items were sent via the interoffice process or mailed. *Id*. at 53-54, 69, 74-77.

> On the other hand, we did not find [Appellant's] testimony credible. We found [Appellant's] assertions that he had consistently requested Mr. Haag to file a direct appeal to be incredible, unsupported by the circumstances, and most likely improperly motivated by his concerns about the effects on the sentence he received from a prior conviction, particularly after having been provided with the opportunity to reflect on his situation while incarcerated after his conviction in this matter. We also observed that while [Appellant] recalled with some clarity that he had advised defense counsel that he could serve his sentence "standing on his head" while allegedly requesting a direct appeal, he could not recall with any specificity how defense counsel responded to that request.

PCRA Court Opinion at 12-13.

Our review of the record, including Appellant's PCRA petition, the evidentiary hearing and exhibits, supports the PCRA court's conclusion that Appellant has failed to establish the he requested trial counsel to file a direct appeal. The PCRA court credited the testimony of Mr. Haag over the testimony and evidence presented by Appellant at the hearing. N.T., 10/23/15, 104-24 (Mr. Haag's testimony). Absent an abuse of discretion, we cannot disturb this determination. *See Commonwealth v. Battle*, 883 A.2d 641, 648 (Pa. Super. 2005) (explaining that credibility determinations are solely within the province of the PCRA court). Accordingly, we discern no error.

In his third claim, Appellant baldly claims trial counsel rendered ineffective assistance by interfering with his right to testify. Appellant's Brief at 25-27. The PCRA court concluded that Appellant failed to meet his burden under *Johnson*, *supra*, because he could not establish that

counsel's actions lacked a reasonable basis. PCRA Court Opinion, 14-16. We agree with this analysis. The PCRA court reasoned:

> Mr. Haag's advice [that Appellant not testify] was reasonably based upon [Mr. Haag's] attempts to suppress or preclude additional evidence which related to the return of stolen merchandise to a completely different store for monetary refund and [Appellant's] prior criminal history.
>
> The admission of [this evidence] had the obvious potential to further prejudicially affect the perception of [Appellant's] innocence or guilt.

PCRA Court Opinion at 14-26.

Had Appellant declined counsel's advice and testified, he would have been subject to cross-examination on incriminating evidence possessed by the Commonwealth which trial counsel had successfully suppressed as hearsay. N.T., 7/8/13, at 46-49; N.T., 10/23/15, at 93, 121-22. Thus, based on our review, the findings of the PCRA court are supported by the evidence of record, namely, the suppressed evidence and Appellant's criminal record. N.T., 7/8/13, at 46-49; N.T., 10/23/15, at 73, 117-18. This claim is without merit. *See Springer*, 961 A.2d at 1267.

Finally, Appellant avers he was under the influence of a controlled substance when he waived his right to a jury trial, which rendered the waiver unknowing and involuntary. Appellant's Brief at 27-30. Appellant further asserts trial counsel knew he was intoxicated and counsel's actions in allowing the bench trial to commence evinced ineffective assistance. *Id*.

The Pennsylvania Rules of Criminal Procedure provide in pertinent part:

> In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.

Pa. R. Crim. P. 620.

In addressing Appellant's final issue, the PCRA court outlined the waiver colloquy conducted with the Appellant at the waiver trial, shared its own recollection of Appellant's appropriate responses, and referenced the testimony of counsel. PCRA Court Opinion at 16-20. Here, the PCRA court determined that Appellant's claim was meritless based on the aforementioned evidence and its own credibility determinations. We may not disturb this finding, as it is supported by the record. *See* N.T., 7/8/13, 4-6; N.T., 10/23/15, 87, 118-20.

For the above reasons, we discern no error in the PCRA court's decision to dismiss Appellant's petition. Appellant's claims are without merit. He is entitled to no relief.

Order affirmed.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/3/2016