394 A.2d 567

COMMONWEALTH of Pennsylvania

v.

**Walter HARROD, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided Nov. 14, 1978.

Warren R. Hamilton, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, and Edward G. Rendell, District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

█ Appellant contends that we should remand for a new certification hearing because the lower court's reasons for certifying appellant to stand trial as an adult were not sufficiently specific to allow this Court to make a meaningful review. Because we agree, we remand for a new certification hearing.

On September 15, 1976, Philadelphia police arrested appellant on charges stemming from the robbery one hour earlier of Thelma Haines. Appellant was 17 years old. On November 3, 1976, after a hearing, the Juvenile Division of the lower court certified appellant to stand trial as an adult. In making its determination, the court noted only:

"As to the defendant Harrod, I have read his record which is very extensive where efforts have been made to help him, and I don't see where we can be of any further help to him. I find that we have exhausted our facilities and that we are unable to help him further.

"I find that a prima facie case has been established on all charges.

"I find that he is not committable to an institution for the mentally ill."

On February 10, 1976, after a non-jury trial, the lower court found appellant guilty of robbery, criminal conspiracy, possession of an instrument of crime, and simple assault. On April 26, 1976, the court noted for the record details of appellant's juvenile record,[1] denied appellant's post-verdict motions, and sentenced appellant to two and one-half to seven years imprisonment for robbery, three years probation for criminal conspiracy, to run consecutively with the robbery sentence, and suspended sentence on simple assault and possession of an instrument of crime. This appeal followed.

■ Appellant contends that we should remand for a new certification hearing.[2] We agree.

Section 28 of the Juvenile Act [3] provides, in pertinent part, that a juvenile may be tried as an adult if:

"(1) The child was fourteen or more years of age at the time of the alleged conduct; and

"(2) A hearing on whether the transfer should be made is held in conformity with this act; and

"(3) Notice in writing of the time, place, and purpose of the hearing is given to the child and his parents, guardian,

1. Specifically, the court noted that appellant was charged with the following crimes on the following dates: (1) in May 1972, "assault with intent to kill" and "willful killing", (2) on January 2, 1975, runaway from the Youth Development Center, (3) on January 11, 1975, attempted burglary and conspiracy, (4) on January 30, 1975, possession of intoxicating beverages, (5) July 25, 1975, theft, receiving stolen property, conspiracy and escaped prisoner, (6) on May 25, 1976, runaway.

2. The Commonwealth alternatively contends that appellant has waived his right to challenge his certification because he did not challenge the transfer in written pretrial motions in compliance with Rules 305 and 306 of the Pennsylvania Rules of Criminal Procedure. We disagree. Appellant objected orally at the certification hearing and immediately before the commencement of trial; he then filed written post-verdict motions to preserve the issue. Although appellant did not follow the preferred practice of filing written pre-trial motions, we believe he has adequately preserved the issue for appellate review. *See Commonwealth v. Keefer*, 470 Pa. 142, 367 A.2d 1082 (1977).

3. Juvenile Act of December 6, 1972, P.L. 1464, No. 333, § 28, as amended Act of August 3, 1977, P.L. 155, No. 41, § 1; 11 P.S. § 50–325 (Supp.1978–79).

or other custodian at least three days before the hearing; and

"(4) The court finds that there is a prima facie case that the child committed the delinquent act alleged, and that the delinquent act would be considered a felony if committed by an adult, and the court finds that there are reasonable grounds to believe that: (i) the child is not amenable to treatment, supervision or rehabilitation as a juvenile through available facilities, in determining this the court may consider age, mental capacity, maturity, previous record and probation or institutional reports; and (ii) the child is not committable to an institution for the mentally retarded or mentally ill; and (iii) the interests of the community require that the child be placed under legal restraint or discipline or that the offense is one which would carry a sentence of more than three years if committed as an adult."

In order to comply with the statute, the lower court need not make a formal statement or conventional findings of fact but "the statement should be sufficient to demonstrate that . . . the question [of certification] has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review." *Kent v. United States*, 383 U.S. 541, 561, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84 (1966). When the lower court advances no specific reasons for its conclusion that the juvenile is not amenable to treatment, supervision, or rehabilitation as a juvenile through available facilities, we will remand for a new certification hearing. *Commonwealth v. Bey*, 249 Pa.Super. 185, 375 A.2d 1304 (1977). We will not set aside a certification unless an appellant shows a gross abuse of discretion. *Id.* See *Commonwealth v. Greiner*, 236 Pa.Super. 289, 344 A.2d 915 (1975).

In the instant case, the certification judge did not make appellant's juvenile record part of the record of the certification proceeding, although his decision to certify appellant was based in part upon that juvenile record. The summary made by the post-verdict motion judge of appellant's juve-

nile record does not adequately cure this oversight because that summary mentions only certain *charges* against appellant and not convictions. Without a more detailed and accurate statement of reasons for certification, we cannot make a meaningful review. Accordingly, we remand for a new certification hearing to be held in conformity with the requirements of the Juvenile Act, especially as construed in *Commonwealth v. Bey, supra.*

We note specifically that appellant alleges no other error on this appeal. We are, therefore, not disturbing appellant's conviction. We remand only for another, and more complete, certification hearing. Appellant may, of course, file another direct appeal from the new certification hearing if he so wishes, but we have by our decision today completely disposed of the instant appeal.

Remand for new certification hearing.

HESTER, J., files a dissenting statement, in which VAN der VOORT, J., joins.

HOFFMAN, J., did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

I dissent, I would affirm the action of the court below.

VAN der VOORT, J., joins in this dissenting statement.