421 A.2d 240

**COMMONWEALTH of Pennsylvania**

v.

**Robert STOKES, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed July 11, 1980.

364

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

PRICE, Judge:

Following a non–jury trial commenced on August 22, 1977, appellant was convicted of indecent exposure [1] and

1. 18 Pa.C.S. § 3127.

rape.[2] Post–trial motions were denied, and appellant was sentenced to a term of imprisonment of one and one–half to seven years on the rape count. Sentence was suspended on the charge of indecent exposure. Finding merit to appellant's contention that his certification to stand trial as an adult was improper due to the trial court's failure to make adequate findings of facts to support its order, we remand to the court of common pleas for a new certification hearing.

The pertinent facts are as follows. During the morning of July 1, 1976, the complainant, a girl of tender years, went to appellant's residence to visit his sister, Hope. After knocking on the door, the complainant was admitted by appellant who, upon closing the door behind her, forced the complainant into the basement and there raped her. A medical examination of complainant conducted shortly after the criminal incident disclosed recent vaginal tears and bleeding, and traces of spermatozoa.

On appeal, appellant contends that the court of common pleas erred by improperly certifying him to stand trial as an adult, denying his motion to dismiss the complaint, and denying his motion for a mistrial.

Appellant was seventeen years old when the instant offenses were committed and eighteen years old when his certification hearing was held. At the time of this certification hearing, January 28, 1977, transfers from juvenile court to the criminal section of the court of common pleas were governed by section 28 of the Juvenile Act.[3] That section provided that a juvenile may be tried as an adult if:

"(1) The child was fourteen or more years of age at the time of the alleged conduct; and

**2.** 18 Pa.C.S. § 3121.

**3.** Act of December 6, 1972, P.L. 1464, No. 333, § 28, *as amended by* Act of August 3, 1977, P.L. 155, No. 41, § 1, 11 P.S. § 50–325 (Supp.1978–79). This section was repealed by the Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [1460] (effective June 27, 1978), and replaced by the Act of July 9, 1976, P.L. 586, No. 142, § 2 (effective June 27, 1978) *as amended by* Act of April 28, 1978, *supra*, 42 Pa.C.S. § 6355.

(2) A hearing on whether the transfer should be made is held in conformity with this act; and

(3) Notice in writing of the time, place, and purpose of the hearing is given to the child and his parents, guardian, or other custodian at least three days before the hearing; and

(4) The court finds that there is a prima facie case that the child committed the delinquent act alleged, and that the delinquent act would be considered a felony if committed by an adult, and the court finds that there are reasonable grounds to believe that: (i) the child is not amenable to treatment, supervision or rehabilitation as a juvenile through available facilities, in determining this the court may consider age, mental capacity, maturity, previous records and probation or institutional reports; and (ii) the child is not committable to an institution for the mentally retarded or mentally ill; and (iii) the interests of the community require that the child be placed under legal restraint or discipline or that the offense is one which would carry a sentence of more than three years if committed as an adult."

In interpreting the statute, our supreme court has held that in situations in which the Commonwealth seeks to remove the juvenile from the jurisdiction of the juvenile court for trial as an adult, the Commonwealth bears the burden of proving that the juvenile is not the proper subject for the care and solicitude of the juvenile system. *Commonwealth v. Greiner*, 479 Pa. 364, 388 A.2d 698 (1978). *See Commonwealth v. Pyle*, 462 Pa. 613, 342 A.2d 101 (1975).

"In essence, the Act creates a presumption that the errant juvenile can best be supervised, directed and rehabilitated under its provisions absent evidence to the contrary. It therefore follows that the party raising the objection to the juvenile court's jurisdiction must shoulder the burden of presenting evidence to establish those facts which would warrant the conclusion that in a given case the provisions of the Act are inappropriate." *Commonwealth v. Greiner, supra,* 479 Pa. at 370, 388 A.2d at 701.

In reviewing the actions of the certification court, we are mindful that it need not make a statement of conventional findings of fact in order to comply with the statute. *Commonwealth v. Harrod*, 260 Pa.Super. 312, 394 A.2d 567 (1978). However, the court must make a statement of its reasons for certification, and this statement "should be sufficient to demonstrate that . . . the question [of certification] has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review." *Kent v. United States*, 383 U.S. 541, 561, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84 (1966). Absent a failure by the certification court to advance specific reasons for its conclusion that the juvenile is not amenable to treatment, supervision or rehabilitation as a juvenile through available facilities, we will not set aside a certification unless an appellant demonstrates that the court committed a gross abuse of discretion. *Commonwealth v. Harrod, supra; Commonwealth v. Bey*, 249 Pa.Super. 185, 375 A.2d 1304 (1977).

In the instant case, the Commonwealth concedes that the findings of the certification court were inadequate, and indeed, our review of the record supports this conclusion. After testimony was adduced that established a prima facie case against appellant, the following exchange occurred:

"THE COURT: I think the history of this man warrants certification.

MR. RICHARDSON [Assistant District Attorney]: Yes, particularly given the fact that his Counsel stated the defendant is released from the service. My file indicates his birth date is December 19, 1958 which means he's over 18 years of age at the present time.

THE COURT: The file indicates December 19, 1958. That's what the Court records indicate.

MR. RICHARDSON: It would indicate he's 18 years of age.

THE COURT: The date of birth in the Court file is December 19, 1958.

MR. RICHARDSON: The question is whether he's amenable to the supervision of the Juvenile Court given the defendant's age.

Also, the defendant's record I believe it's clear he's not amenable to supervision under the Juvenile Court system.

The question here is what can the Juvenile Court do with the defendant if he was in fact adjudicated. I don't believe there's anything this Court could do with the defendant as far as rehabilitation.

MR. SMITH [Counsel for Appellant]: I would like to point out to the Court that we had extensive—this is the seventh listing of the case. We had extensive pretrial motions already heard, some of which were granted some of which were denied.

THE COURT: This is a question of a prima facie case at this point.

For the record the Court finds that the age of the defendant or date of birth of the defendant is December 19, 1958.

Further the Court finds that the age of the complainant or date of birth of the complainant is April 3, 1964.

The Court further finds there is nothing to indicate that this matter has any aspects which relate to the mental health field.

The Court does note the nature of the offense and does incorporate by reference thereto the juvenile record for whatever value that may be other than to have the record made part of this file.

Under the circumstances I find that a prima facie case exists. I hold you Robert Stokes for the preparation of an information or informations by the attorney for the Commonwealth." (N.T. 1/28/77 at 18–20).

▆▆▆ Although the court's conclusion that a prima facie case existed against appellant is well founded in the record, there is no indication of what basis the certification court could have concluded that "reasonable grounds" existed to believe that appellant was not amenable to treatment, supervision or rehabilitation as a juvenile, committable to an

institution for the mentally retarded or mentally ill, or that the interests of the community required that he be placed under legal restraint or discipline. In this regard, the instant case is similar to *Commonwealth v. Harrod, supra.* In *Harrod,* the juvenile court concluded, without specifying its reasons, that a prima facie case was established, the defendant was not committable to an institution for the mentally ill and would not benefit from treatment or supervision in a juvenile facility. In that case, we held that without a more detailed and accurate statement of reasons for certification, we were unable to make a meaningful review. We come to the same conclusion in the instant case. When the lower court advances no specific reasons for its conclusion that the juvenile is not amenable to treatment, supervision, or rehabilitation as a juvenile through available facilities, we will remand for a new certification hearing. *Commonwealth v. Harrod, supra; Commonwealth v. Bey, supra.* Accordingly, we remand this case to the Juvenile Branch of the Court of Common Pleas of Philadelphia County for another and more complete certification hearing.[4]

Appellant raises two additional issues. First, he contends that his right to a speedy trial under Pa.R.Crim.P. 1100[5] was violated, thereby necessitating his discharge. This claim is meritless.

Appellant bases his contention on the premise that the run time for Rule 1100 purposes should begin on the date on which the delinquency petition is filed with the juvenile

4. Appellant requests this court to set aside his certification and remand to the juvenile court or grant him a new trial. We will not set aside a certification unless an appellant shows a gross abuse of discretion of the certification court. *See Commonwealth v. Harrod, supra; Commonwealth v. Bey, supra; see also, Commonwealth v. Greiner, supra.* Our review of the record fails to disclose any instances of abuse by the certification court and we therefore limit the relief granted to a remand for a new certification hearing.

5. Pa.R.Crim.P. 1100 provides in pertinent part:
"Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

court. We previously have had occasion to address this question in *Commonwealth v. Bell*, 245 Pa.Super. 164, 369 A.2d 345 (1976), *aff'd* 481 Pa. 229, 392 A.2d 691 (1978). In *Bell*, we held that the run time begins on the date the case is certified to adult court and not on the date when the delinquency petition is filed in juvenile court.

In the instant case, appellant was certified on January 28, 1977, to stand trial as an adult. Appellant filed his petition to dismiss on March 16, 1977, the 47th day following certification, and trial commenced on August 22, 1977, the 206th day.[6] Under our interpretations of the rule, motions to dismiss are timely only if filed after 180 days has run for Rule 1100 purposes and before trial commences. "The validity of a defendant's petition to dismiss the charges against him pursuant to Section (f) of Rule 1100 depends upon a showing that the prescribed period was violated at the time of the filing of the petition to dismiss." *Commonwealth v. Richbourgh*, 246 Pa.Super. 300, 304 n.8, 369 A.2d 1331, 1334 n.8 (1977); *See Commonwealth v. Simpson*, 269 Pa.Super. 124, 409 A.2d 95 (1979). Because appellant's motion to dismiss was filed before the 180 day period had run, the petition was premature and the court of common pleas was correct in denying it.[7]

Appellant's final contention is that the trial court erred by admitting into evidence the complainant's testimony which allegedly attributed other crimes to him. The particular testimony challenged is contained in the following exchange:

"Q. [Assistant District Attorney]. Did your mother say something to [the defendant]?

---

**6.** Since we find that appellant's petition to dismiss was untimely filed and therefore properly denied, we need not consider whether there existed any periods of time excludable under section (d) of Rule 1100.

**7.** Appellant also contends that his federal constitutional right to a speedy trial was violated in light of the standards established in the United States Supreme Court case of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). However, appellant failed to raise that issue in his written post–trial motions and, accordingly, we hereby find it waived. *See Commonwealth v. Twiggs*, 485 Pa. 481, 402 A.2d 1374 (1979).

A. [Complainant]. Yes.

Q. Did Mr. Stokes respond back to her?

A. Yes.

Q. What if anything did he say in response to what your mother said?

A. He said, 'Yeah, I raped her and I will do it again and if I go to jail, my boys are going to do it.' " (N.T. 37–38). At trial, defense counsel objected contending that the statement "I will do it again and if I go to jail, my boys are going to do it" constituted testimony of other criminal activity, *viz.*, a terroristic threat. The trial court overruled the objection and admitted it into evidence as a state of mind exception to the hearsay rule. Additionally, the court concluded that the last answer by complainant did not constitute three statements, as appellant contended, but only one statement which was admissible under the admissions exception to the hearsay rule. We conclude that the complainant's testimony was properly admitted into evidence.

█ The decision whether to declare a mistrial is within the sound discretion of the trial judge and will not be reversed absent a flagrant abuse of discretion. *Commonwealth v. Seigrist*, 253 Pa.Super. 411, 385 A.2d 405 (1978); *Commonwealth v. Conti*, 236 Pa.Super. 488, 345 A.2d 238 (1975). As we noted in *Commonwealth v. Seigrist, supra*:

" 'This does not mean, however, that a prosecutor will be permitted to place highly prejudicial information before the trier of fact. There are times when evidence is so prejudicial that we cannot assume that the trier of fact will be able to put the evidence aside and arrive at an impartial adjudication. On those occasions, a declaration of mistrial is required.' *Commonwealth v. Conti*, 236 Pa.Super. 488, 495, 345 A.2d 238, 242 (1975) (citations omitted)." *Id.*, 253 Pa.Super. at 418, 385 A.2d at 408.

█ It is well established that evidence of other criminal activity generally is inadmissible against a defendant at his trial on another charge. *Commonwealth v. Roman*, 465 Pa. 515, 351 A.2d 214 (1976); *Commonwealth v. Groce*, 452 Pa. 15, 303 A.2d 917 (1973). The reason behind this rule is

that the Commonwealth should prove beyond a reasonable doubt that a defendant has committed the particular crime of which he is accused, without stripping him of the presumption of innocence by proving that he has committed other criminal acts. *Commonwealth v. Stanley*, 484 Pa. 2, 398 A.2d 631 (1979); *Commonwealth v. Roman, supra.* However, when such evidence is offered to prove matters other than criminal activity, the trial judge, in his discretion, may admit it. *Commonwealth v. Russell*, 459 Pa. 1, 326 A.2d 303 (1974).

 We have noted in the past that our cases have not established a per se rule requiring a new trial for every prejudicial reference of this type. *See Commonwealth v. Seigrist, supra.* The prejudicial effect of the reference may be overcome by cautionary instructions, *Commonwealth v. Williams*, 470 Pa. 172, 368 A.2d 249 (1977), or an appellate court may find that any error was harmless. *Commonwealth v. Knight*, 469 Pa. 57, 364 A.2d 902 (1976). The fact that a particular case was tried non–jury, as was the instant case, is also relevant in determining whether a mistrial should have been granted, although this factor must be carefully scrutinized by the appellate court. *Commonwealth v. Seigrist, supra; Commonwealth v. Williamson*, 243 Pa.Super. 139, 364 A.2d 488 (1976).

 Even accepting, arguendo, appellant's premise that the complainant's testimony constituted three separate statements, two of which referred to other criminal activity, we perceive no trial error: first, appellant was tried non–jury; second, there was a legitimate basis for the introduction of the evidence other than a mere attempt to establish appellant's predisposition to commit the crime charged–to–wit, to show appellant's state of mind with respect to the offense charged; and third, the criminal activity referred to bore such a close relationship to the crime charged that its probative value far outweighed any prejudicial effect that may have resulted from its admission. Moreover, the evidence against appellant was very strong. These factors appearing in a non–jury trial establish that any error was, at most, harmless.

Accordingly, the case is remanded to the Juvenile Branch of the Court of Common Pleas of Philadelphia County for another and more complete certification hearing. By our disposition today, we do not disturb appellant's conviction. Appellant may, of course, file another direct appeal from the new certification hearing if he so wishes, but we have by our decision today completely disposed of the instant appeal.

SPAETH, J., concurs in the result.