452 A.2d 878

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth Harry McKEE, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 13, 1982.

Filed Nov. 19, 1982.

Timothy P. McNickle, Grove City, for appellant.

Charles S. Hersh, Assistant District Attorney, Mercer, for Commonwealth, appellee.

Before HESTER, BECK and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Appellant was tried with a co-defendant, one David Martell. Appellant was convicted of escape, conspiracy to escape, unauthorized use of a motor vehicle, conspiracy to commit unauthorized use, aggravated assault and conspiracy to commit aggravated assault. Appellant raises two issues on this appeal:

    I.   Whether the trial court erred in transferring appellant's case to the criminal division?

    II.  Whether the verdicts of guilty of escape and conspiracy to commit escape were against the evidence and the law?

Co-defendant Martell appealed his conviction to this court at No. 184 Pittsburgh 1981. In an opinion, *Commonwealth v. Martell,* 307 Pa.Super. 1, 452 A.2d 873 (1982), filed on this date we affirmed his conviction. For the purposes of this appeal we will rely upon the factual history stated in *Martell.* McKee's second contention was raised by co-defendant Martell in his appeal and was resolved against him. Based on our disposition in *Commonwealth v. Martell,* we find no merit to appellant McKee's second contention.

Therefore, we need only address the certification of appellant from the juvenile court to the criminal division.

Transfer of juveniles to adult court is controlled by the Juvenile Act found at 42 Pa.C.S., Section 6355, which is a substantial re-enactment of prior law found at 11 P.S., Section 50–325. Section 6355(a)(4) of the present Juvenile Act requires that a juvenile may be transferred to adult court only if the court finds that all of the following factors exist:—

(a) That the child is not amenable to treatment, supervision or rehabilitation as a juvenile through available facilities. In determining this, the court may consider age, mental capacity, maturity, previous records and probation or institutional reports;

(b) That the child is not commitable to an institution for the mentally retarded or mentally ill;

(c) That the interest of the community requires that the child be placed under legal restraint or discipline, or that the offense is one which would carry a sentence of more than three (3) years if committed as an adult.

Absent the court's gross abuse of its broad discretion in the transferring of juveniles to the criminal division we will not vacate a court's certification order. *Commonwealth v. Stokes,* 279 Pa.Superior Ct. 361, 367, 421 A.2d 240, 243 (1980); *Commonwealth v. Harrod,* 260 Pa.Superior Ct. 312, 394 A.2d 567 (1978).

President Judge Stranahan filed amended findings of facts[1] following the hearing on the Commonwealth's petition to transfer this case to the criminal division.

The hearing judge found that appellant was fifteen years of age at the time of the hearing; a prima facie case had been made out against appellant; the delinquent acts would be felonies if committed by an adult and would carry a sentence in excess of three (3) years. The court found McKee not amenable to treatment, supervision, or rehabili-

1. Apparently the "findings of fact" filed originally confused the juvenile backgrounds of the two defendants.

tation through the juvenile system based on the following circumstances. Appellant had only one prior juvenile petition alleging criminal mischief, though a charge of receiving stolen goods had been filed. A probation officer testified that appellant had substantial school problems and was uncooperative in his probation program. The juvenile had failed to make court ordered restitution and was returned to custody. A psychological workup had been completed. Since the current incident, the institution to which appellant was scheduled to be placed indicated it would not accept him. His parole officer opined that no private institution would accept him. The court found his home life was unstable and his neighbors lived in fear of him. The probation officer further believed that appellant would not benefit from a juvenile placement as he has not responded to prior attempts.

The court reviewed appellant's role in the escape attempt; he was alleged to have actually assaulted the matron. The judge found that McKee was not committable to a mental institution and indicated he had reviewed the psychological report. The court in the interest of the community found that appellant should be legally restrained and disciplined.

Appellant argues, that the court placed undue emphasis upon the crimes then alleged; that he had never prior to the escape, been placed in a juvenile facility; and that the court did not consider a second psychological report admitted into evidence upon McKee's motion to reconsider the transfer.

A court in determining whether to order a juvenile to be tried as an adult may not justify the transfer based solely on the nature of the crime charged and nothing else. *Commonwealth v. Greiner*, 479 Pa. 364, 388 A.2d 698 (1978). However the court may consider the alleged conduct in conjunction with other factors. *Commonwealth v. Carrasquillo*, 268 Pa.Superior Ct. 336, 408 A.2d 493 (1979) (court considered infant's viciousness and failure to respond to rehabilitation). In *Commonwealth v. Lux*, 299 Pa.Superior Ct. 136, 445 A.2d 185 (1982) a panel of this court vacated the transfer order and remanded for a new certification hearing

because there was not an adequate demonstration of nona-menability. There the juvenile's only previous adjudication was for "fistcuffs" and the testimony of the probation supervisor who had never interviewed Lux, but testified based on his file, wavered on the child's amenability. In *Commonwealth v. Bey,* 249 Pa.Superior Ct. 185, 375 A.2d 1304 (1977), the hearing court transferred the juvenile in spite of a probation officer's recommendation of juvenile treatment; this court found no error. A juvenile court may not abdicate its duty to determine if a juvenile is amenable to treatment within the juvenile system. *Lux,* supra.

█ In the current appeal we can find no gross abuse of discretion. McKee had a history of family and school problems; *Lux* did not. There is support in the record for the determination that appellant was not amenable; there was not such support in *Greiner,* supra or *Stokes,* supra. Here, the probation officer, familiar with appellant, reviewed appellant's lack of cooperation and did not waiver in his opinion that the juvenile system would not help him; *Lux* demonstrated an absence of such testimony. In light of the testimony of the probation officer and appellant's juvenile history we can find no gross abuse of discretion on the part of the trial court, considering the nature of the alleged crime, in transferring the case even though appellant had a limited juvenile record, and the court's disregarding the recommendation of the second psychological evaluation.

Judgment of sentence affirmed.

BECK, J., files a concurring and dissenting statement.

BECK, Judge, concurring and dissenting:

While I agree with the majority's determination that Appellant's case could properly be transferred under Section 6355 of the Juvenile Act ("Act"), 42 Pa.C.S. § 6355, to an "adult" court, I disagree with the majority's view that Appellant's constitutional right to a fair trial as an "adult" was adequately protected in this instance where the trial court took judicial notice of the factual findings of the

transfer hearing judge and incorporated same into its evaluation of Appellant's guilt.

A transfer hearing pursuant to the Act does not possess all the safeguards of an "adult" court trial. Although the Act does guarantee, *inter alia,* the right to counsel (42 Pa.C.S. § 6337), the right to cross-examine witnesses (42 Pa.C.S. § 6338),[1] and the right against self-incrimination (42 Pa.C.S. § 6338), the Act specifically denies the right to a jury. "Hearings under the [Act] shall be conducted by the court *without a jury,* in an informal but orderly manner . . . ." Section 6336 of the Act, 42 Pa.C.S. § 6336 (emphasis added). *See McKeiver v. Pennsylvania,* 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971); *Commonwealth v. McNaughton,* 252 Pa.Super.Ct. 302, 381 A.2d 929 (1977). The purpose of the hearing is for the Commonwealth to make a prima facie case not prove all the elements of the crime beyond a reasonable doubt. Additionally, the defendant at a prima facie hearing does not expect to develop fully whatever defense he may have.

Moreover, the purpose and scope of a transfer hearing differ markedly from those of a criminal court trial. Whereas a criminal court trial addresses the merits of both the Commonwealth's and the accused's positions, Section 6355(a) of the Act states that "[a]fter a petition has been filed alleging delinquency based on conduct which is designated a crime . . ., the court *before hearing the petition on its merits* may rule that [the Act] is not applicable . . . and transfer the offense . . . to . . . a judge of the court assigned to conduct criminal proceedings . . . ." (Emphasis added.) A transfer must be supported by, *inter alia,* a finding "that there is a *prima facie case* that the child committed the delinquent act alleged." 42 Pa.C.S. § 6355(a)(4)(i) (emphasis added).[2]

1. Juveniles also have the right to confront their accusers. *McKeiver v. Pennsylvania,* 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971).

2. Although Section 6341 of the Act, 42 Pa.C.S. § 6341, provides that a *finding of delinquency* must be based "on proof beyond a reasonable doubt that the child committed the acts by reason of which he is

18

The transfer hearing did not offer Appellant the opportunity to trial by jury. The standard of proof of the crime at the transfer hearing was not beyond a reasonable doubt but was limited to the establishment of a prima facie case. I therefore would hold that the trial court's adoption of the factual findings of the transfer hearing judge denied Appellant his basic constitutional right to a fair trial including his right to a jury trial and to proof of guilt beyond a reasonable doubt.

I would accordingly reverse and remand for a new trial not inconsistent with this view.

alleged to be delinquent," Section 6355 which governs transfers to "adult" court, does not contain a similar prerequisite for a *finding of inapplicability* of the Juvenile Act but merely requires proof of a prima facie case in order to effectuate a transfer to "adult" court.