463 A.2d 1053

**COMMONWEALTH of Pennsylvania**

v.

**Joseph· BROOME, Appellant.**

Superior Court of Pennsylvania.

Submitted March 9, 1982.

Filed July 8, 1983.

Reargument Denied Aug. 31, 1983.

2

Vincent Wayne Mirigliani, Philadelphia, for appellant.

Steven J. Cooperstein, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, CIRILLO and LIPEZ, JJ.

LIPEZ, Judge:

In a nonjury trial, defendant was convicted of robbery, theft, aggravated assault, simple assault, possession of an instrument of crime, and criminal conspiracy. Post-verdict motions were filed and denied, and sentences imposed. We agree with defendant that because the juvenile court judge failed to state specific reasons for certifying him for trial as an adult, we must vacate the judgment of sentence and remand for a new certification hearing.[1]

1. The lack of a specific statement precludes review of defendant's contentions that the Commonwealth failed to sustain its burden of proof at the certification hearing, and that the juvenile court judge abused his discretion in making the certification. *See Commonwealth v. Bey,* 249 Pa.Super.Ct. 185, 195, 375 A.2d 1304, 1310 (1977). Defendant's only other contention is that the testimony of his accomplice was so unreliable and contradictory as to render any verdicts based on it pure conjecture. *See Commonwealth v. Farquharson,* 467 Pa. 50, 354 A.2d 545 (1976). We find that the accomplice's testimony does not meet the standard of patent unreliability required by *Farquharson;* but even if it did, reversal would not be required because the victim's own testimony provided a sufficient basis for the verdicts.

Specifically, defendant contends that there was no adequate statement of reasons for determining that he was not amenable to treatment in the juvenile system. 42 Pa.C.S. § 6355(a)(4)(iii)(A).

In order to comply with the statute, the lower court need not make a formal statement or conventional findings of fact but "the statement should be sufficient to demonstrate that ... the question [of certification] has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review." *Kent v. United States*, 383 U.S. 541, 561, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84 (1966). When the lower court advances no specific reasons for its conclusion that the juvenile is not amenable to treatment, supervision, or rehabilitation as a juvenile through available facilities, we will remand for a new certification hearing. *Commonwealth v. Bey*, 249 Pa.Super. 185, 375 A.2d 1304 (1977).

*Commonwealth v. Harrod* 260 Pa.Super.Ct. 312, 316, 394 A.2d 567, 570, (1978); *accord, Commonwealth v. Stokes*, 279 Pa.Super.Ct. 361, 367, 421 A.2d 240, 243 (1980).

Here the juvenile court judge's complete statement concerning amenability to treatment as a juvenile was as follows: "A further review of the juvenile file indicates he is not amenable to treatment within the system and accordingly the Court will certify." The Commonwealth contends that the bald reference to the juvenile file is sufficiently specific because the juvenile file has been made part of the record, but these are precisely the circumstances held to be insufficient in *Commonwealth v. Stokes, supra,* 279 Pa.Superior Ct. at 367–69, 421 A.2d at 243–44. We must therefore vacate the judgment of sentence and remand for a new certification hearing. If it is determined that certification was improper, the informations must be dismissed and the defendant returned to juvenile court. If it is determined that certification was proper, the judgment of sentence shall be reinstated, and defendant may then take a new appeal on the certification issue only. *See Commonwealth*

4

*v. Stokes, supra,* 279 Pa.Superior Ct. at 373, 421 A.2d at 246; *Commonwealth v. Bey, supra,* 249 Pa.Superior Ct. at 204, 375 A.2d at 1314.

Judgment of sentence vacated, and case remanded for further proceedings. Jurisdiction is relinquished.

CIRILLO, J., files dissenting opinion.

CIRILLO, Judge, dissenting:

The majority holds that the juvenile court judge failed to state on the record, with sufficient specificity, the reasons for certifying the appellant for trial as an adult.[1] I find that I must disagree.

1. 42 Pa.C.S.A. § 6355, which states as follows:

**§ 6355. Transfer to criminal proceedings**

(a) **General rule.**—After a petition has been filed alleging delinquency based on conduct which is designated a crime or public offense under the laws, including local ordinances, of this Commonwealth, the court before hearing the petition on its merits may rule that this chapter is not applicable and that the offense should be prosecuted, and transfer the offense, where appropriate, to the division or a judge of the court assigned to conduct criminal proceedings, for prosecution of the offense if all of the following exist:

(1) The child was 14 or more years of age at the time of the alleged conduct.

(2) A hearing on whether the transfer should be made is held in conformity with this chapter.

(3) Notice in writing of the time, place, and purpose of the hearing is given to the child and his parents, guardian, or other custodian at least three days before the hearing.

(4) The court finds:

(i) that there is a prima facie case that the child committed the delinquent act alleged;

(ii) that the delinquent act would be considered a felony if committed by an adult; and

(iii) that there are reasonable grounds to believe all of the following:

(A) That the child is not amenable to treatment, supervision or rehabilitation as a juvenile through available facilities, even though there may not have been a prior adjudication of delinquency. In determining this the court shall consider the following factors:

Age.

Mental capacity.

Maturity.

The degree of criminal sophistication exhibited by the child.

Previous records, if any.

The transcript of the certification hearing reveals that the judge heard argument from both the district attorney and the appellant's counsel. In addition, two individuals who had worked with the appellant, a social worker and his probation officer, testified favorably as to his amenability to treatment within the juvenile system. Despite this testimony the court certified the appellant's transfer to adult court.

To comply with the requirements of 42 Pa.C.S.A. § 6355(a)(4)(iii)(A) the court does not have to make a formal statement or conventional findings of fact but must demonstrate that the question of certification has received the careful consideration of the court. *Commonwealth v. Harrod*, 260 Pa.Super. 312, 394 A.2d 567 (1978). In the instant case, the judge stated the following:

THE COURT: The Court finds as a fact, one, that the defendant, Joseph Broome, was born March 29, 1965, and meets the statutory requirement for certification.

Two, the crime with which he is charged is a felony which meets the requirement of the act.

Three, a review of the J file, specifically the NP's and psychological examination, indicate that he is not suffering from any mental illness or mental retardation.

A further review of the juvenile file indicates he is not amenable to treatment within the system, and accordingly the Court will certify.

The nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the Juvenile Court to rehabilitate the child.

Whether the child can be rehabilitated prior to the expiration of the Juvenile Court jurisdiction.

Probation or institutional reports, if any.

The nature and circumstances of the acts for which the transfer is sought.

Any other relevant factors.

(B) That the child is not committable to an institution for the mentally retarded or mentally ill.

(C) That the interests of the community require that the child be placed under legal restraint or discipline or that the offense is one which would carry a sentence of more than three years if committed as an adult.

The majority would hold that this last statement of the Court is inadequate and does not provide a sufficient basis for a meaningful appellate review. In support of this holding the majority cites *Commonwealth v. Stokes*, 279 Pa.Super. 361, 421 A.2d 240 (1980). However, I find that *Stokes* is distinguishable from the case at bar. In that case, the court also incorporated the juvenile record, but in so doing stated the following, "[T]he Court does note the nature of the offense and does incorporate by reference thereto the juvenile record for *whatever value that may be other than to have the record made part of this file.*" (emphasis supplied). *Id.*, 279 Pa.Superior Ct. 361 at 368, 421 A.2d 240 at 243 (1980). Therefore, unlike the certification judge in the instant case, the judge in *Stokes* made no statement indicating that he had reviewed the juvenile record.

A review of the record's contents is in order. The appellant was convicted at the age of twelve and placed on consent decree probation. Because he was poorly adjusted at home, the court committed him to St. Michael's School for Boys. During his stay there he was adjudicated delinquent for the first time. He was subsequently committed to St. Gabriel's School and remained in that institution's Hall System for ten months. On March 3, 1980, the appellant was transferred to Saint Gabriel's DeLaSalle in Towne School and on April 16, 1980, the appellant committed the instant offense. Undoubtedly, it was this litany of adjudications, expulsions, and committals to institutions for the delinquent that the certification judge read in the juvenile report. I do not believe that the certification judge's statement about further review of the record was merely a "bald reference to the juvenile file." (At 3). It was a statement of that judge's careful consideration of the evidence in that file.

Accordingly, I would read the facts of this case in light of *Commonwealth v. Carrasquillo*, 268 Pa.Super. 336, 408 A.2d 493 (1979). In that case a panel of this Court stated:

[T]he Commonwealth relied upon an established juvenile file of record and the facts therein, which was introduced into the record of this case and considered by the court. By means of it the Commonwealth proved facts adequate to meet its burden of proof under the transfer provisions of the "Juvenile Act." Act of 1972, Dec. 6, P.L. 1464, No. 333, 11 P.S. § 50–325. At the hearing the judge verbalized his findings supporting transfer: age over 14, prima facie case of felony, subject not amenable to treatment and not committable for mental illness, and sentence possible of three years or more. At the end of this hearing, when asked by the defense for a statement of reasons, the court replied that the reasons had been stated and made a part of the record. We find that the court met the requirements of the "Act," *supra*, making the necessary findings upon sufficient evidence, and stating them with a particularity to meet *Commonwealth v. Bey*, 249 Pa.Super. 185, 375 A.2d 1304 (1977) and its mandate "that some statement of sufficient specificity must be supplied in order that a meaningful review can be had."

*Id.*, 268 Pa.Superior Ct. 336 at 339, 408 A.2d 493 at 495 (1979).

Therefore, I would hold that the certification court's statement on the record was sufficient. It in no way precluded proper appellate review. In addition, the appellant's record in this case clearly supported the certification court's decision. "Absent the court's gross abuse of its broad discretion in transferring of juveniles to the criminal division we will not vacate a court's certification order." *Commonwealth v. McKee*, 307 Pa.Super. 12, 14, 452 A.2d 878, 879 (1982); *Stokes, supra; Harrod, supra.*

Accordingly, I dissent.