J.A22031/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
  :    PENNSYLVANIA
           Appellee   :
  :
      v.   :
  :
  :
CURTIS LEE FYE,   :
  :
           Appellant   :    No. 2148 MDA 2013

Appeal from the Judgment of Sentence November 4, 2013
In the Court of Common Pleas of Centre County
Criminal Division No(s).: CP-14-CR-0000255-2013

BEFORE: PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:        **FILED DECEMBER 24, 2014**

Appellant, Curtis Lee Fye, appeals from the judgment of sentence entered in the Centre County Court of Common Pleas following a bench trial and his convictions for driving under the influence—general impairment[1] ("DUI") and two summary offenses not at issue. Appellant claims the court erred by permitting the Commonwealth to introduce evidence of his prior DUI charge and his performance on the horizontal gaze nystagmus ("HGN") test and challenges the sufficiency of evidence. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1).

We adopt the facts as set forth by the trial court. *See* Trial Ct. Op., 1/20/14, at 3-6. The court found Appellant guilty and sentenced him on November 4, 2013, to six months' intermediate punishment. Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issues on appeal:

> Did the trial court err in permitting the Commonwealth to present evidence of [Appellant's] prior DUI charge at trial?
>
> Did the trial court err in permitting the Commonwealth to present evidence regarding [Appellant's] performance on the HGN test during trial?
>
> Did the trial court err in finding that the Commonwealth had presented sufficient evidence to prove beyond a reasonable doubt that [Appellant] was intoxicated to the extent that he was incapable of driving safely?

Appellant's Brief at 4.

We summarize Appellant's arguments for all of his issues. Appellant suggests the court erred by permitting the Commonwealth to introduce evidence of his prior DUI offense as set forth in his driving record. He acknowledges that the Commonwealth introduced his driving record solely for the purposes of identification but maintains identification was not at issue. Appellant opines the court also erred by allowing the Commonwealth to introduce his performance on the HGN test. He states that prior to trial, he successfully moved to prevent the Commonwealth from introducing the HGN test. Appellant maintains the Commonwealth "violated the spirit" of

the court's ruling on his pretrial motion by presenting the officer's testimony without reference to the HGN test. *Id.* at 15. Finally, Appellant challenges the sufficiency of evidence for his DUI conviction. In response, the Commonwealth countered, *inter alia*, that it never introduced evidence of the HGN test until Appellant opened the door by specifically cross-examining the police about it. We hold Appellant is not entitled to relief.

The standard of review for a challenge to the sufficiency of evidence is *de novo*, as it is a question of law. **Commonwealth v. Sanford**, 863 A.2d 428, 431 (Pa. 2004).

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict.

**Commonwealth v. Ratsamy**, 934 A.2d 1233, 1235-36 (Pa. 2007) (citations and quotation marks omitted). "When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt." *Id.* at 1237.

Appellant was convicted under the following driving under the influence statute:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after

imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1). In order to be found guilty of DUI—general impairment, "the Commonwealth [must] prove the following elements: the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009). Furthermore, our Supreme Court has stated:

> The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary and the two hour time limit for measuring blood alcohol level does not apply. . . . The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol-not on a particular blood alcohol level.

*Id.* Finally, the "admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon

a showing that the trial court abused its discretion." ***Commonwealth v. Reid***, 811 A.2d 530, 550 (Pa. 2002) (citation omitted).

Instantly, after careful consideration of the parties' briefs, the certified record, and the decision of the Honorable Jonathan D. Grine, we affirm on the basis of the trial court's decision. ***See*** Trial Ct. Op. at 1-6 (holding court admitted Appellant's driving record for identification purposes only; even if such admission was erroneous, error was harmless given this was bench trial; Commonwealth did not reference HGN in its case in chief; Appellant opened door to HGN test results on cross-examination; even if erroneous, admission of HGN test results was harmless error as court did not consider HGN test results in determining whether Appellant was guilty; and record was sufficient to establish Appellant's guilt). Accordingly, having discerned no abuse of discretion or error of law, we affirm the judgment of sentence. ***See Segida***, 985 A.2d at 879; ***Ratsamy***, 934 A.2d at 1235-36; ***Reid***, 811 A.2d at 550.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2014

- 5 -



McKenrick
Dunkle

## IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
### CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA )
    Plaintiff, )
  v.             )   No. CP-14-CR-255-2013
             )
CURTIS LEE FYE,       )
    Defendant.     )

*Attorney for Plaintiff:*           *Daniel C. McKendrick, Esq.*
*Attorney for Defendant:*          *Jason Dunkle, Esq.*

### OPINION IN RESPONSE TO MATTERS COMPLAINED OF ON APPEAL

Presently before this Court is an appeal filed by Curtis Lee Fye (hereinafter "Appellant.")

After a non-jury trial on September 3, 2013, Appellant was found guilty of one count of

Exceeding 55 MPH in Other Loc. by 12 MPH, 75 Pa.C.S.A. §3362(a)(2); one count of Turning

Movements and Required Signals, 75 Pa.C.S.A. §3334(a) and one count of DUI: General

Impairment, 75 Pa.C.S.A. 3802(a)(1). Appellant was found not guilty of one count of Careless

Driving, 75 Pa.C.S.A. §3714(a). Appellant was sentenced on November 4, 2013.

Appellant presents three matters complained of on appeal: 1) this Court erred in

permitting the Commonwealth to present evidence of Defendant's prior DUI charge at trial; 2)

this Court erred in permitting the Commonwealth to present evidence regarding the Defendant's

performance on the HGN test during trial; and 3) this Court erred in finding that the

Commonwealth presented sufficient evidence to prove beyond a reasonable doubt that Appellant

was intoxicated to the extent he was incapable of driving safely. Appellant does not contest his

conviction under 75 Pa.C.S.A. §3362(a)(2) or his conviction under 75 Pa.C.S.A. §3334(a). The

Court will address each matter presented by Appellant in turn.

### I. Evidence of Appellant's Prior DUI Charge

The Commonwealth attempted to present evidence of Appellant's prior DUI charge at trial in

☒O ☐RD ☐S

several ways. Initially, the Commonwealth offered Appellant's driving record, which noted his previous DUI charge, for identification purposes and as evidence that Defendant had previously submitted to a blood test. The Court provisionally accepted the record for identification purposes only, indicating that if Appellant should testify and indicate his reason for refusing the blood test was a fear of needles, the Court may consider admitting evidence of his previous DUI for the limited purpose of showing he had previously submitted to a blood test. However, Defendant did not testify, and this Court ultimately accepted the driving record for purposes of identification only.

The Commonwealth also attempted to introduce the criminal information from Appellant's previous DUI on rebuttal. However, this Court sustained Appellant's objection and did not accept the information into evidence.

As a general rule, evidence of prior criminal activity by a defendant is inadmissible. *Commonwealth v. Kenny*, 474 A.2d 313, 317 (Pa.Super. 1984). There are several circumstances under which evidence of prior criminal activity may be admissible, including motive, intent, absence of mistake or accident, common scheme, or identity. *Id.* None of these circumstances were present in the instant case, however, and the Court therefore did not accept the proffered evidence of Appellant's prior DUI into the record, with the exception of Appellant's driving record, which was only admitted for the purposes of identification.

Even if this Court erred in permitting the Commonwealth to present the evidence, the error was harmless. The instant trial was a non-jury trial, with this Court sitting as the finder of fact. Pennsylvania courts have consistently held that "judicial fact finders are capable of disregarding most prejudicial evidence." *See Commonwealth v. Council*, 421 A.2d 623, 625 (Pa. 1980); *Commonwealth v. Seigrist*, 385 A.2d 405 (Pa.Super. 1978); *Commonwealth v. Stokes*, 421 A.2d 240 (Pa.Super. 1980). This Court, although it heard limited testimony on Appellant's prior DUI, did not consider that evidence when determining his guilt or innocence in the instant matter and

2

therefore did not err.

## II. HGN Test

Horizontal Gaze Nystagmus ("HGN") test results have been deemed scientific evidence by Pennsylvania courts, and therefore require an adequate foundation prior to their admissibility. *Commonwealth v. Stringer*, 678 A.2d 1200 (Pa.Super. 1996). In the instant case, Appellant claims this Court erred in permitting the Commonwealth to present evidence regarding Appellant's performance on the HGN test during the non-jury trial. The Court disagrees.

Initially, the Court notes that Appellant filed a Motion in Limine to preclude admission of Appellant's performance on the HGN tests, which this Court granted, with the provision that the Commonwealth was permitted to present evidence of Appellant's swaying during the administration of the test, as swaying or lack thereof is not a result of the HGN test.

During the Commonwealth's case in chief, Trooper Buchheit testified only that he "noticed a slight sway whenever I was performing a test on him, that his head was circling." Trooper Buchheit did not testify to which test he was performing (although he was referring to the HGN test, as it was the only test he performed on Appellant), and did not refer to any nystagmus demonstrated by Appellant. No reference was made to Appellant's actual results on the HGN test until Appellant raised the issue on cross-examination with questions about the "pinging" demonstrated by Appellant during the administration of the HGN test. On redirect, the Commonwealth asked Trooper Buchheit to clarify what he meant by "pinging." Appellant, therefore, raised the issue of his performance on the HGN test, and opened the door to the limited redirect questions by the Commonwealth.

Even if this Court erred in permitting Appellant to pursue this line of questioning, or in permitting the Commonwealth to redirect, it was a harmless error, as this Court did not consider any nystagmus demonstrated by Appellant in determining whether he was intoxicated to the point where he could no longer safely operate a vehicle. The Court did consider Appellant's

3

swaying during the administration of the test, but maintains this was not an error as swaying is not a result of the HGN test as contemplated by current jurisprudence and therefore requires no foundation prior to its admission.

### III.    75 Pa.C.S.A. 3802(a)(1)

Appellant argues insufficient evidence to convict Appellant of 75 Pa.C.S.A. §3028(a)(1) existed. The Court disagrees. When reviewing a sufficiency of the evidence claim, the evidence and all reasonable inferences drawn therefrom must be reviewed in the light most favorable to the Commonwealth, as the prevailing party. *Commonwealth v. Teems*, 74 A.3d 142, 144 (Pa.Super. 2013). The trial court is free to believe all, part, or none of the evidence presented. *Id*, 144-45. When attempting to prove general impairment under §3802(a)(1), the Commonwealth may proffer numerous types of evidence, included but not limited to: "the offender's actions and behavior, including manner of driving... physical appearance, particularly bloodshot eyes and other physical signs of intoxication; [and] odor of alcohol..." *Id* at 145. Further, the weight to be assigned to these various types of evidence presents a question for the fact finder, who may rely on his or her experience, common sense, and/or expert testimony." *Id*. Regardless of the type of evidence tendered by the Commonwealth, the focus of the inquiry under §3802(a)(1) should be the ability or inability of the individual in question to drive safely due to the consumption of alcohol. *Id*.

In the instant case, Trooper Buchheit testified his attention was first attracted by Appellant's failure to use a turn signal when entering the interstate. Trooper Buchheit then followed Appellant and observed his speed fluctuate between 50 mph and 70 mph multiple times. When Trooper Buchheit was able to get a consistent clock on Appellant's speed with his speedometer, Appellant was traveling at 67 mph in a posted 55 mph zone. At this point, Trooper Buchheit initiated a traffic stop. When Trooper Buchheit approached the vehicle, he testified he smelled a strong odor of an alcoholic beverage coming from the interior. He also noticed Appellant's eyes

4

were bloodshot and glassy. Because there was another individual in the vehicle, Trooper Buchheit asked Appellant to exit the vehicle. Appellant complied, and once Appellant was separated from the passenger and the vehicle itself, Trooper Buchheit could clearly smell the odor of an alcoholic beverage on Appellant's breath. Trooper Buchheit asked Appellant if he had been drinking recently and Appellant indicated he had not been, but stated someone had poured alcohol on his jacket. When questioned as to where he was coming from, Appellant stated he was coming from Stover's Tea Room, a bar establishment in Milesburg, Pennsylvania. At this point, Trooper Buchheit asked Appellant to submit to the standard field sobriety tests. Appellant refused, giving various reasons. During the encounter, Trooper Buchheit attempted twice to administer the HGN test. During the second attempt, Appellant began to sway slightly. At this point, Trooper Buchheit testified he made the determination that Appellant was incapable of safe driving and placed him in custody.

Trooper Buchheit testified the indicators displayed by Appellant, that is, his failure to use an appropriate turn signal, his fluctuating speeds, his glassy and bloodshot eyes, the odor of alcohol on his breath, and the swaying he demonstrated during the administration of the HGN test were all indicative of Appellant's failure to operate a vehicle safely due to his consumption of alcohol. Trooper Buchheit noted driving is a divided attention skill and often, when an individual is under the influence, they are unable to divide their attention when driving. For example, an impaired driver may be able to focus on keeping his or her vehicle in between the lines on the road, but then may be unable to perform other tasks required while driving safely, such as keeping a constant speed, using appropriate signals, watching the sides of the road, paying attention to other vehicles, etc. Trooper Buchheit testified that failure to use appropriate signals and fluctuations in speed are two such clues which can alert an officer that an individual operating a vehicle may be impaired.

This Court was satisfied with Trooper Buchheit's testimony. Although Appellant told

5

Trooper Buchheit that someone had spilled alcohol on his jacket, Trooper Buchheit testified he could clearly smell the strong odor of an alcoholic beverage coming from Appellant's breath as he spoke to him. The odor of the alcoholic beverage emanating from Appellant's breath, his swaying during the administration of the HGN test, and his glassy, bloodshot eyes led Trooper Buchheit and the Court to conclude that Appellant had consumed alcohol. Appellant's failure to use appropriate signals and fluctuating speed combined with the above indicators led Trooper Buchheit and this Court to conclude that Appellant was under the influence of alcohol to such a degree that he was incapable of properly dividing his attention in order to safely operate his vehicle.

For the reasons above, the Court respectfully requests that its decision remain undisturbed.

BY THE COURT:

Jonathan D. Grine, Judge

DATE: January 2014